Statement of Facts.

## THIRD REF. D. CHURCH v. DANIEL S. JONES.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 30, 1890—Decided February 24, 1890.

An affidavit of defence to an action, in the name of an incorporated church, to recover from the defendant certain funds and books of account alleged to be in his hands as a former treasurer of the church, virtually averring that the name of the corporation plaintiff was used in the action improperly, by persons who had no right to the funds and books in question and no right to compel defendant to account therefor, is sufficient to prevent summary judgment: [See Jones v. Gordon, 124 Pa. 263.]

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 146 July Term 1889, Sup. Ct.; court below, No. 872 June Term 1888, C. P. No. 1.

On July 13, 1888, the Third Reformed Dutch Church of Philadelphia brought assumpsit against Daniel S. Jones, filing a statement of claim which averred as follows:

That the plaintiff was duly incorporated on March 17, 1888, and prior to the year 1883, the defendant was and had been for some years treasurer of said church, and as such he held and was possessed of various books of accounts relating to the financial affairs of the church; also, a sum of money now amounting to about $12,000, part of the proceeds of sale of a former church building; also, certain other moneys for the sale of pews, rent of organ, etc., amounting to $2,000; and also had in his hands a certain legacy of $3,000, bequeathed to said church by Mrs. Ann Hertzog, deceased.

"3. In the year 1882, the former church building at Tenth and Filbert streets having been sold, the congregation of the said plaintiff removed their place of worship to 909 North Broad street, and afterwards to 857 North Broad street, where it has since maintained and is now maintaining the regular services of the Church, in communion with the Reformed Dutch

Church in America, the successor to the Reformed Dutch Church in North America, in said charter mentioned. The said defendant being dissatisfied with the removal of the Church, thereupon abandoned the said Church and congregation, nor has he since worshiped with them, and has wrongfully and illegally retained from the plaintiff the sums of money, books and funds belonging to the said plaintiff and denies the right of the said plaintiff to possess the same, although the General Synod of the Reformed Church in America, the Particular Synod of New Brunswick, and the Classis of Philadelphia, being all the church courts or judicatories of the denomination to which the plaintiff belongs have held ' that the Church now worshiping at 857 North Broad street, together with all who are in good and regular standing therewith, are the legitimate Third Reformed Dutch Church of Philadelphia.'

" 4. That the term for which the defendant was elected trustee and treasurer of the plaintiff expired in January, 1883; thereupon, F. W. Dedlow was elected in his place as trustee, and the board of trustees of the plaintiff, duly elected by the holders of sittings, in accordance with the charter, thereupon elected Adrian Van Helden treasurer of the plaintiff, in the place of and as successor to the said defendant. The said Adrian Van Helden, under the direction of the board of trustees of said plaintiff, has made demand upon the said defendant for the delivery of the money, books and papers in his hands, the property of the plaintiff, which the said defendant then and constantly since has refused to do."

On November 1, 1888, in pursuance of a rule taken, the plaintiff filed a warrant of attorney to Mr. J. Rodman Paul, and on December 10, 1888, the defendant filed an affidavit of defence which averred, inter alia:

" 3. The congregation of the corporation plaintiff never removed their place of worship to 857 North Broad street, and never worshiped there. Certain persons seceded from the regular congregation and removed there, but they did this illegally, and not with the assent of the corporation plaintiff. It is not true that I abandoned the Church or congregation. I have not worshiped with said seceders, but I have at all times maintained my connection with said congregation, and with the Church. I do retain sums of money, books and funds belong-

ing to the corporation plaintiff, but I do this as the treasurer regularly appointed by the board of trustees, who maintain me in said treasurership, and have never removed me.

" 4. I deny the truth of all the averments in the fourth paragraph, saving that it is true I have refused to deliver said money, books and papers to the said Van Helden. I deny that the said Van Helden is the treasurer of the Church; that the board of trustees have ever requested me to deliver said property to said Van Helden, or any other person. I aver that the board of trustees desire me to retain them."

" 6. I aver that the present suit is not brought by the corporation plaintiff, nor at its request, nor with its assent. I aver that certain seceders from the Church, including George F. Gordon and Adrian Van Helden, have brought suit without authority, and with the intent of possessing themselves of the funds of the Church without proper authority. I aver that the seal to the warrant of attorney filed is not the true seal of the corporation plaintiff, which is in my custody as treasurer of the trustees. The seal to said warrant is one which has been made by said seceders, without any authorization by the corporation plaintiff. I believe, and expect to prove, that a certain fund of $3,000, referred to in the statement, which was paid over by me to Mr. Gracey, treasurer of the Sunday-school, was subsequently appropriated by said Gordon after it had been thus received, and was converted to his individual use."

On January 7, 1889, a rule was taken for judgment for want of a sufficient affidavit of defence, and on June 13th, after two supplemental affidavits of defence were filed by leave of court, the rule was made absolute, and judgment entered for the plaintiff and against the defendant for $8,000 United States four per cent bonds; for certain account books, and for $3,458.52, the amount of the Hertzog bequest and interest, with a condition that execution should be stayed to the extent that might be necessary to protect the defendant as garnishee in a certain judgment in attachment. Thereupon the defendant took this appeal, assigning the order entering said judgment as error:

*Mr. John G. Johnson* (with him *Mr. Francis A. Osbourn*), for the appellant.

*Mr. A. Sydney Biddle* (with him *Mr. J. Rodman Paul*), for the appellee.

Counsel cited: Jones v. Gordon, 124 Pa. 263; Rankin's App., 10 W. N. 235; Yerkes's App., 99 Pa. 401; Perry on Trusts, § 743; Hill on Trustees, 556.

OPINION, MR. JUSTICE STERRETT:

The general question, presented by this record, is whether the averments of fact in the affidavits of defence are sufficient to carry the cause to a jury. In considering that question, the rule for judgment, etc., must be regarded in the nature of a demurrer to the affidavits of defence. For the purposes of the present inquiry, every material averment of fact contained therein must be accepted as true. If, therefore, either of those averments contains what in law or equity amounts to a substantial defence to the plaintiff's claim, it follows, of course, that the court erred in entering the judgment complained of.

This suit was brought in the name of the Third Reformed Dutch Church of Philadelphia against appellant, to recover certain funds, books, and papers which it is alleged he received as treasurer of the church, and, on demand, refused to deliver to his successor in office. In the fourth paragraph of plaintiff's statement of claim it is, in substance, alleged that the term for which appellant was elected treasurer expired in January, 1883, and afterwards the board of trustees elected Adrian Van Helden, treasurer, in his place and as his successor; that Van Helden, under the direction of the board of trustees, demanded from appellant the money, books, and papers, property of the plaintiff, which he then, and ever since has, refused to deliver.

In reply to these allegations, the appellant in his affidavit says: " I deny the truth of all the averments in the fourth paragraph, saving that it is true I have refused to deliver said money, books, and papers to said Van Helden. I deny that said Van Helden is the treasurer of the church; that the board of trustees have ever requested me to deliver said property to said Van Helden, or any other person. I aver that the said board of trustees desire me to retain them."

In the sixth paragraph of his affidavit of defence appellant further avers " that the present suit is not brought by the corporation plaintiff, nor at its request, nor with its assent. I

aver that certain seceders from the church, including George F. Gordon and Adrian Van Helden, have brought suit without authority, and with the intent of possessing themselves of the funds of the church without proper authority. I aver that the seal to the warrant of attorney filed is not the true seal of the corporation plaintiff, which is in my custody as treasurer of the trustees. The seal to the warrant is one which has been made by said seceders without any authorization by the corporation plaintiff."

In the face of these and other averments that might be noted, virtually charging that the name of the corporation plaintiff is being improperly used, without authority, and by persons who have no right to the money, books, and papers in question, nor any right to compel appellant even to account to them therefor, it is difficult to see how the court could safely proceed to enter judgment, and liquidate the amount thereof, without the intervention of a jury, or the settlement of disputed facts in some other legitimate mode. As we read the affidavits of defence, they certainly do deny the truth of some allegations of fact which affect the right of recovery.

It is neither necessary nor proper, at this stage of the cause, that we should enlarge on any of the points suggested by the affidavits of defence. When the facts are more fully brought out on the trial, they may present an entirely different aspect. All that need be said at present is, that an inspection of the statement of claim and the affidavits of defence has led us to the conclusion that the case, as therein presented, is not one in which judgment should have been entered for want of a sufficient affidavit of defence.

Judgment reversed, and a procedendo awarded.