## Sigua Iron Co. *v.* F. F. Vandervort, Appellant.

*Foreign corporation—Stock subscription—Affidavit of defence.*

In an action by a foreign corporation to recover a subscription to its stock, an affidavit of defence is insufficient which merely avers that the plaintiff is a corporation of another state, mentioning the state, and that it is attempting to carry on business in this state, although it has not filed a statement in the office of the secretary of the commonwealth, as required by the act of June 9, 1881. For aught that appears in such an affidavit of defence, defendant may have purchased his stock from some one in the state where the company was incorporated.

*Legal conclusion—Averments of facts—Practice, C. P.*

An averment in the affidavit " that it is not true that any contract for the sale of said stock to defendant, or for the purchase thereof by defendant, which is binding, valid or of any force or effect in law, was made as alleged by plaintiff, or that any valid or legal issue of stock was made by plaintiff to defendant as alleged," is insufficient. It is a mere legal conclusion and not an averment of facts from which a legal conclusion may be drawn by the court.

Argued Oct. 23, 1894. Appeal, No. 86, Oct. T., 1894, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T.,

1893, No. 505, making absolute rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover stock subscription.

The affidavit of defence was as follows:

"1. It is not true as alleged by the plaintiff, in its affidavit, that sixty-five per cent of said alleged capital stock, to wit, one hundred shares, was paid at the time of the alleged contract of sale, nor any other sum whatever, aside from the amount paid by plaintiff. Said alleged shares were of an issue of twenty-five hundred shares of the capital stock of said corporation purporting to have been paid to the extent of sixty-five per cent, when in fact nothing had been paid to said corporation for the same.

"2. It is not true that any contract for sale of said stock to defendant, or for the purchase thereof by defendant, which is binding, valid or of any force or effect in law, was made as alleged by plaintiff, or that any valid or legal issue of stock was made by plaintiff to defendant as alleged. Plaintiff is a corporation of West Virginia, and was, at the time of said alleged sale or contract, and issuing of stock, in the city of Philadelphia, state of Pennsylvania, attempting to carry on business in this state, although it had not, as such foreign corporation, filed in the office of the secretary of this commonwealth, under the seal of said corporation and signed by its president and secretary, a statement showing the title and object of said corporation, the location of its office or offices, and name or names of its authorized agent or agents, or any certificate whatsoever, nor has it done so up to this time, as required by act of June 9, 1881, in force at the time of said alleged sale or contract. It was not lawful for plaintiff so to do, and no contract whatsoever was made or existed between it and defendant in law or in fact, or under which plaintiff has or can have any right whatsoever.

"3. Defendant further denies that the plaintiff ever issued to him a certificate of one hundred shares of its capital stock or a certificate for any other number of shares of its capital stock.

"Defendant further says that at the time of the alleged contract or sale of the capital stock, whilst the plaintiff company

was carrying on business in Philadelphia, no corporation of such kind as the plaintiff could be chartered under the laws of the state of Pennsylvania with a larger capital than one million of dollars, and that the said plaintiff corporation had at the time aforesaid a capital stock of five million of dollars, and was carrying on business in defiance of and contrary to the laws of this commonwealth, and therefore all contracts made with regard to said capital stock were null and void and of no effect."

Rule for judgment absolute.   Defendants appealed.

*Error assigned* was above order.

*West McMurray, W. R. Errett* and *A. W. Schmidt* with him, for appellant.

*Johns McCleave, D. T. Watson* with him, for appellee.

PER CURIAM, Nov. 5, 1894:

Plaintiff company's statement of claim, verified by the affidavit of its president, presents a good cause of action, entitling it to judgment unless a valid defence has been interposed. Without expressly traversing or denying either of the material averments of fact contained in said statement, the defendant avers : " That plaintiff is a corporation of West Virginia, and was at the time of the alleged sale or contract, and issuing of stock, in the city of Philadelphia, state of Pennsylvania, attempting to carry on business in this state, although it had not, as such foreign corporation, filed in the office of the secretary of this commonwealth under the seal of said corporation, and signed by its president and secretary, a statement, showing the title and object of said corporation, the location of its office or offices, and name or names of its authorized agents, or any certificate whatsoever, nor has it done so up to this time, as required by the act of June 9, 1881."

For aught that sufficiently appears in this or any other part of the affidavit of defence, defendant may have purchased the one hundred shares of stock in question from some one in the state of West Virginia.   The second paragraph, from which the above sentence is quoted, commences with the averment:

" That it is not true that any contract for the sale of said stock to defendant, or for the purchase thereof by defendant, which is binding, valid or of any force or effect in law, was made as alleged by plaintiff, or that any valid or legal issue of stock was made by plaintiff to defendant as alleged." This is a mere legal conclusion, and not an averment of facts from which a legal conclusion may be drawn by the court. This remark is applicable to the concluding sentence of the same paragraph.

In any view that can be properly taken of the affidavit of defence, it is not a sufficient answer to plaintiff's statement; and hence there was no error in making the rule for judgment, etc., absolute.

Judgment affirmed.