James Bryson, Appellant, *v.* Home for Disabled and Indigent Soldiers, Sailors and Mariners, of Pennsylvania, at Erie, and the Trustees of The Home, Major W. W. Tyson, Commander.

*Pensions—Soldier's Home—Voluntary payment or maintenance.*

In an action by an inmate of a Soldiers' Home against the Home, to recover money which he alleged he had been compelled to pay to the Home out of his pension, an affidavit of defense is sufficient which avers that a rule of the Home required the inmates to turn over eighty per cent of their pension money to the treasurer of the Home ; that upon the admission of the plaintiff to the Home he signed an agreement binding himself to comply with the rules of the Home of which he knew this to be one ; that the payments for which he sued were made by him voluntarily in accordance with the contract executed by him on his admission.

*Not decided* whether this rule of the Home is authorized or not.

Argued May 2, 1895. Appeal, No. 481, Jan. T., 1895, by plaintiff, from order of C. P. Erie Co., Feb. T., 1895, No. 38,

discharging rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit to recover moneys alleged to have been improperly exacted from plaintiff.

Plaintiff in his statement of claim averred that he was an inmate of the Home for Disabled and Indigent Soldiers etc., incorporated under the act of June 3, 1885; "that there is no law requiring an inmate, regularly admitted, to pay his board or maintenance, or to assign his pension or any part thereof to the board of trustees of said Home, or any other officers for that purpose. Yet the said plaintiff, being an inmate of said Home, under the provisions of the various acts of assembly, was compelled by the board of trustees, by the commander of the Home, Maj. W. W. Tyson, and other officers, to assign, and to deliver to them an assignment of the pension certificate granted him by the United States government for disabilities received in the service of the United States while in the army, and also to deliver to them his said Certificate of Pension, and when quarterly payments were made on said Certificate of Pension, eighty per cent of the amount was taken out, held and retained by the trustees of the said Home and their agents, servants and employees, by and under the direction of the said board of trustees."

W. W. Tyson filed the following affidavit of defense:

"This deponent did not actually receive the money set forth in the plaintiff's statement of claim, nor any part thereof, although his name is signed to the receipts therefor as commander of the Pennsylvania Soldiers' and Sailors' Home at Erie, Pa. The said money was voluntarily paid by the plaintiff, who was an inmate of the said Home, to Capt. N. W. Lowell, the quartermaster thereof, who, in his official capacity as such quartermaster, received the said money and deposited the same, with other moneys paid to him by the inmates of said Home, in the bank to the credit of this deponent, as commander of said Home. That this deponent, before the commencement of this suit, paid the same over to Gen. Louis Wagner, treasurer of the board of trustees of said Home, and this deponent avers that he did not receive the said money, or any part

thereof, as an individual, but as agent of the board of trustees of said Home, which agency was well known to the plaintiff when he paid said money, and he avers that he is not, and never has been, liable or accountable to the said plaintiff for said money or any part thereof.

" This deponent denies that the said plaintiff was compelled by the board of trustees, or this deponent, as commander of said Home, or any other officer connected with said Home, to assign or deliver to them, or either of them, an assignment of his pension certificate, and this deponent avers that said plaintiff did not assign his pension certificate to him, them, or either of them, and he further denies that eighty per cent of said pension money was retained by the officers of said Home as alleged in the plaintiff's statement of claim, and avers that said money was paid directly to said plaintiff by the U. S. pension agent.

" That the board of trustees of said Home, at a meeting held on the 20th day of December, 1892, adopted the following rule or resolution in relation to pensioners who wish to become inmates of said Home, viz :

" ' Resolved, That the members of the Home who are pensioners shall, upon receipt of pension, or within ten days thereafter, pay over to the Commander, or to some officer designated by him, a sum of money equal to the amount which said pensioner may have drawn in excess of four dollars per month ; and that when arrearages on original claim for pension, or arrearages accruing from increase of pension, may be paid to the members of the Home, this rule shall apply to such arrearages for the time the pensioner receiving the same may have been a member of the Home; provided, that in special cases the board of trustees may direct that a portion of the money which may have been paid by any member can be expended for the support of the wife or minor children of such member to such amount as the board may deem expedient. Failure or refusal of any member to make payment at the time specified as provided, shall be considered a violation of the rules, and the Commander is hereby directed to give such offending member an honorable discharge from the Home. Any member so discharged shall not be readmitted within six months from the date of his discharge.'

" That before entering the said Home the said plaintiff signed and made affidavit to a written and printed application in which he did agree to abide by and obey all the rules and regulations made by the board of trustees of said Home, or by their order, which said application also contained a copy of said resolution or rule.

" That a copy of said written and printed application is hereto attached and made a part of this affidavit. That said plaintiff had twice been an inmate of the said Home prior to Sept. 30, 1893, the date of said application, and was fully acquainted with said rule in relation to pensioners, and voluntarily complied with the same by paying over his money to the quartermaster as provided in said rule.

" That the said plaintiff, while an inmate of the said Home, received his check for his pension quarterly from the United States pension agent, payable to the order of the said plaintiff, and had entire control of the same, and voluntarily paid the amounts mentioned in the plaintiff's statement to the quartermaster as aforesaid.

" This deponent denies that the board of trustees of said Home or this deponent without authority of law took and retained from the plaintiff the money mentioned in the plaintiff's claim, or any other money or moneys.

" And he further denies that the said pension certificate was assigned and delivered by said plaintiff to said board of trustees or any one for them.

" And the deponent further avers that he is informed and verily believes and expects to be able to prove that the Congress of the United States appropriates annually the sum of one hundred dollars to aid in the support of each inmate in the said Home; that there is deducted from said amount so appropriated one half of any sum or sums retained by the officers of the said Home on account of pensions received from the inmates thereof.

" That one half of the amount paid by the plaintiff as aforesaid, to wit, $55.87, has been deducted from the appropriation made by the United States to said Home to aid in the support of the said plaintiff in accordance with the provisions of the act of Congress in such case made and provided."

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*J. Ross Thompson*, for appellant.—The rule is unauthorized: Act of Congress of Feb. 28, 1883; act of June 3. 1885, P. L. 62, sec. 7.

*F. Carroll Brewster*, *E. L. Whittelsey* with him, for appellee. —The statements in the affidavit of defense must be taken as true, which shows the payments were voluntary : Kaufman v. Cooper Iron Co., 105 Pa. 537; Church v. Jones, 132 Pa. 462;. City v. Bowman, 36 W. N. C. 138; Roberts v. Austin, 5 Whart. 313; Campbell v. Baker, 2 Watts, 83; School District v.. Horst, 62 Pa. 301; De La Cuesta v. Ins. Co., 136 Pa. 62; Neely's App., 124 Pa. 406; act of Congress of Aug. 18, 1894; Rozelle v. Rhodes, 116 Pa. 129; Friend in Equity v. Garcelon, 77 Me. 25; Spellman v. Aldrich, 126 Mass. 113; Cavanaugh v. Smith, 84 Ind. 380 ; Faurote v. Carr, 6 West. Rep. 281; Jardain v. Fairton Sav. Fund Assn., 44 N. J. L. 376; Crane v. Linneus, 77 Me. 59; Robin v. Walker, 82 Ky. 60; Webb v. Holt, 57 Iowa, 712; Triplett v. Graham, 58 Iowa, 135; Kellogg v. Waite, 12 Allen, 530.

OPINION BY MR. JUSTICE WILLIAMS, May 20, 1895 :

The plaintiff sued to recover certain sums of money which he alleged he had been compelled to pay to the Home out of his quarterly installments of pension money received from the United States.   These exactions he alleged were illegal and in plain violation of the spirit if not the letter of the pension laws. An affidavit of defense was made by the commanding officer of the Home, in which he set out the following facts : First, the adoption of a rule by the board of managers of the Home requiring the inmates to turn over eighty per cent of their pension money to the treasurer of the institution.   Second, that upon the admission of the plaintiff he signed an agreement in writing binding himself to comply with the rules of the Home of which he knew this to be one.   Third, that the payments for which he now sues were made by him voluntarily in accordance with the contract so executed by him on his admission. The learned judge of the court below held this affidavit to be sufficient to prevent a judgment on motion, and this appeal is·

from that ruling. The learned gentleman who represents the appellant has argued with great earnestness that the rule under which the money was paid to the treasurer is wholly unauthorized. We are not inclined to decide that question at this time. It is not necessary to the decision of this case. If the payments shall turn out to be voluntary, as is alleged, and in pursuance of an agreement under which the plaintiff's admission was obtained, and that admission depended upon the contract and not upon the positive provisions of the statute organizing this institution, then the plaintiff cannot recover.

The record before us does not afford the means of determining these questions. They will be developed on the trial. Meantime all that we can now decide is that the affidavit is to be taken as absolutely true, and assuming its truth, we think, so far as this record enables us to see, that the court below was right in refusing the motion for judgment, and its action therein is now affirmed.