# Borough of North Braddock *v.* The Second Avenue Traction Co., Appellant.

*Municipal law—Street railways—License tax—Police power—Reasonable ordinance—Affidavit of defense.*

A municipality has the right to impose a reasonable license tax on electric cars as an exercise of police powers. The amount of the license fee rests in the first instance with the city and it is only where discretion is abused that the courts are justified in interfering. Judgment will not be refused where the defendant in alleging unreasonableness swears to his own conclusions of law and fact without stating the facts upon which that conclusion is founded.

*Municipal law—Ordinances—Charge of vagueness—License tax on cars —Street railways.*

A municipal ordinance is not void as being vague and indefinite, in the imposition of a license tax on cars operated by a street railway company, when provision is made enabling the company to obtain an annual license, for all cars owned or operated by it, by the annual payment of a fixed sum.

Argued April 26, 1898. Appeal, No. 172, April T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1897, No. 954, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover license fees. Before FRAZIER, J.

The plaintiff borough passed an ordinance, which is sufficiently set out in the opinion of the court, imposing an annual license fee on all cars of the defendant operating within the borough, and provided a method for assessing this license fee in advance. Defendant company refused to pay the license fee imposed and

234 NORTH BRADDOCK BOROUGH *v.* TRACTION CO.

Statement of Facts—Opinion of the Court.    [8 Pa. Superior Ct.

suit was brought to collect the amount of the license fee alleged to be due.   The affidavit of defense set up at length nonliability because the amount of the license fee was excessive, and because the method provided in the ordinance for assessing the license fee was unjust to the borough as well as to the traction company and was indefinite, vague and impossible.·

Judgment entered against defendant in default of a sufficient affidavit of defense for $156.70.   Defendant appealed.

*Error assigned* was making absolute the rule for judgment for want of a sufficient affidavit of defense.

*W. D. Evans*, with him *Geo. C. Wilson*, for appellant.— Upon a rule for judgment for want of a sufficient affidavit of defense, all the material averments of the affidavit must be assumed to be true: Knerr v. Bradley, 105 Pa. 190.

That the question of whether the fee imposed is reasonable or not is a matter of fact, will be seen by a glance at the following cases in which the question was involved: Railway Co. v. Phila., 58 Pa. 119; Johnson v. Phila., 60 Pa. 445; Tel. Co. v. Phila., 22 W. N. C. 39; Allentown v. Tel. Co., 148 Pa. 117; Chester v. P. & R. R. R., 148 Pa. 120; Phila. v. Tel. Co., 82 Fed. Rep. 797; Phila. v. Tel. Co., 40 Fed. Rep. 615.

*William Yost*, for appellee.—The mere bald assertion of unreasonableness in the amount of the license fee, goes for nothing: Chester City v. Tel. Co., 154 Pa. 464; Telegraph Co. v. Phila., 22 W. N. C. 39; Phila. v. Telegraph Co., 167 Pa. 406; Allentown v. Telegraph Co., 148 Pa. 117.

Moreover the court is requested to note how every inconvenience and hardship suggested by the defendant is obviated by the following provision of the ordinance:

"Provided, however, that any company owning or operating such cars, upon the streets or highways of the borough, may obtain a general annual license for all cars owned or operated by it, by the annual payment, in advance, of $200 therefor."

OPINION BY ORLADY, J., July 29, 1898:

The borough of North Braddock brings suit against the defendant company to recover a license tax on street cars,

imposed by an ordinance as follows : " A supplement to an ordinance to levy and collect a license tax on vehicles, establishing rates of license tax on street railway cars. Section 1. Be it ordained and enacted by the town council of the borough of North Braddock, and it is hereby ordained and enacted by the authority of the same, that the following reasonable rates per annum of license tax on all vehicles, commonly called street railway cars, used within the borough in carrying persons or property for pay, be established ; viz. : each car equipped with motor and propelled by electricity—$10.00 ; each trailer car, attached to or drawn by a motor car, $15.00. Provided, however that any company owning or operating such cars upon the streets or highways of the borough may obtain a general annual license for all cars owned or operated by it, by the annual payment in advance of $200 therefor."

The affidavit of defense filed, avers that, 1. The ordinance is unjust and the tax imposed is excessive and unreasonable. 2. The ordinance is vague, indefinite and no means is provided in it for reasonably assessing the cars operated on the railway.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense, and on argument of this appeal it is frankly admitted that the borough unquestionably has the right to impose a reasonable license tax as an exercise of the police power, but it is urged that whether or not the fee imposed is reasonable in amount is a question of fact purely, and can be determined only after proofs for and against its reasonableness have been adduced.

In the City of Allentown v. W. U. Tel. Co., 148 Pa. 117, it was held that the ordinance was in the exercise of the police power of the city, and that the only question was whether it was a reasonable exercise of such power. The amount of the license fee in such cases rests in the first instance with the city council. It is only where such discretion has been abused that we are justified in interfering. We cannot say that this discretion has been abused in this instance or that the license fee is unreasonable.

The second point submitted on that trial that " the license fee of one dollar per pole per annum is excessive, unreasonable and therefore unlawful," was negatived by the trial judge, and

the judgment entered was affirmed by the Supreme Court.   In Chester City v. W. U. Tel. Co., 154 Pa. 464, a judgment was entered for want of a sufficient affidavit of defense in which it was alleged that the license tax was unjust and unreasonable, and the judgment was affirmed.   The Supreme Court said: " For the purpose of this case we must treat this averment as true, so far as it goes.   The difficulty is that it does not go far enough.   It is a mistake therefore to measure the reasonableness of the charge by the amount actually expended by the city for a particular year, to the particular purposes specified in the affidavit."   After deliberate action we have the borough council declaring in the case in hand that in the exercise of its police power, in view of the supervision, liabilities, and inconveniences arising from the use of the streets by the defendant company, that the rate claimed in the statement is a reasonable per annum license tax on each street railway car, equipped with motor and propelled by electricity and used in carrying persons or property for pay.   The right to judgment is denied because an officer of the defendant company swears that " said ordinance is unjust, and the tax imposed is excessive and unreasonable ; " this reason being given, the railway of the defendant traverses the city of Pittsburg, another city, six other boroughs and townships by name ; and is subject to taxations and license fees of various kinds in each of these several municipalities, and if the said plaintiff has any right to impose a tax upon the cars of the defendant, the tax fixed in said ordinance is excessive and unjust in amount.

The conclusion as urged depends upon many facts not stated in the affidavit, among which are the mileage, number, and size of cars ; extent of their use by the public ; liability to keep tracks in repair ; and others which are necessary to determine whether the tax claimed is reasonable or not.   The facts stated in the affidavit are to be taken as true, viz : Church v. Jones, 132 Pa. 462 ; Bryson v. Trustees, 168 Pa. 352 ; but what is called a fact in the affidavit is only such after affirmatively ascertaining a number of other facts necessary to support it, and these should have been specifically stated : Sigua Iron Co. v. Vandervort, 164 Pa. 572.   In Chester City v. W. U. Tel. Co., supra, the Supreme Court says in affirming the reasonableness of a license fee of one dollar upon each new pole to

be erected, and one dollar yearly for each pole maintained by the company: "We have held in a number of recent cases that this amount is not so unreasonable as to justify us in interfering with the discretion of such municipalities." To the same effect is the decision in City of Allentown v. W. U. Tel. Co., supra.

The defendant, by its secretary, swears to his own conclusions of law and fact without stating the facts upon which that conclusion is founded. It is a reasonable and salutary rule which requires that the facts relied on as a defense should be plainly stated in the affidavit so that the court may judge of their legal effect as an answer to the claim: Class v. Kingsley, 142 Pa. 636.

The second objection to the ordinance that it is vague, indefinite, and that no means is provided in it for reasonably assessing the cars operated upon defendant's railway, is fully answered by the provision enabling the company to obtain a general annual license for all cars owned or operated by it by the annual payment of a fixed sum.

The assignments of error are overruled and the judgment is affirmed.