# Blue Valley Creamery Co. *v.* Zimmerman, Appellant.

*Practice, C. P.—Pleading—Statement of claim.*

In an action for butter sold and delivered the statement of claim is sufficient if it sets forth dates and amounts accompanied by a book account, so that any one reading it would readily know that the plaintiff sold a certain number of pounds of butter to the defendant at a certain price per pound on the dates therein set forth, and that defendant had never paid for them.

*Practice, C. P.—Affidavit of defense—Insufficient affidavit—Foreign corporation—Doing business.*

In an action for goods sold and delivered an affidavit of defense is insufficient which merely contains the bald statement that the defendant did not owe the sum demanded, without any denial of the receipt of the goods, or any statement in regard to them which would relieve the defendant from the payment in full or in part of the sum due.

In such a case an affidavit of defense is insufficient which merely avers that the plaintiff was a foreign corporation, that it had done business in Pennsylvania, and had not complied with the Act of June 8, 1911, P. L. 710, without stating in any way the character of the business done in violation of the act.

Argued October 8, 1914.   Appeal, No. 96, October T., 1914, by defendant, from order of C. P. Schuylkill Co., January T., 1914, No. 13, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Blue Valley Creamery Co. v. W. J. Zimmerman.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Plaintiff's statement was as follows:

The Blue Valley Creamery Company, a corporation duly incorporated under the laws of Illinois, plaintiff above named, brings this suit against Wallace J. Zimmerman of the Borough of Tamaqua, Schuylkill County, Pennsylvania, defendant above named, to recover from

the said Wallace J. Zimmerman the sum of nine hundred and sixteen dollars and ninety-four cents with interest from the eighth day of May, 1913, and with one dollar added for costs of the probate of their account.

The plaintiff avers that the said sum of nine hundred and sixteen dollars and ninety-four cents with interest as aforesaid, is due and owing by the defendant to the plaintiff for butter sold and delivered by the plaintiff to the defendant, at the request of the defendant, at the time, in the amount, of the kind, and at the prices as set forth in the itemized, probated account of the plaintiff's claim, together with protest charges upon a certain check given by the defendant to the plaintiff, and which protest charges were paid by said plaintiff on the 13th day of August, 1913. The probated account of the plaintiff's claim is hereto attached and made part hereof.

The plaintiff further avers that no part of the sum for which suit is brought has ever been paid or in any manner settled and that there are no offsets of any kind to which the defendant is entitled. Plaintiff also avers that demand has frequently been made by the plaintiff on the defendant for payment of the said account but the defendant has neglected or refused to pay the same, whereof the plaintiff brings this suit.

EXHIBIT.

W. J. Zimmerman,
    Tamaqua, Pa.

Terms cash: All bills due Monday following date of purchase.

1913.

| 5 | 1 | 30-50 Cr. B. V. I | C - 1500 at 31½c. | $472.50 |
|---|---|---|---|---|
|   | 8 | 36-50 Cr. B. V. I | C - 1500 at 29½c. | 442.50 |
| 8 | 13 protest fees |   |   | 1.94 |

$916.94

The affidavit of defense was as follows:

1. The statement filed by the plaintiff is insufficient to require the defendant to file an affidavit of defense be-

cause (a) it fails to allege that the said plaintiff, being a foreign corporation, incorporated under the State of Illinois, and before doing any business in the Commonwealth of Pennsylvania, complied with the provisions of the Act of Assembly of 1911, P. L. 710.

(b) It fails to set forth that the said plaintiff before doing business in the Commonwealth of Pennsylvania, appointed, in writing, the secretary of the Commonwealth of Pennsylvania and his successor in office to be its true and lawful attorney and authorized agent as required by said act of assembly,

(c) It fails to show that the alleged indebtedness which is sought to be recovered in this action was created within a period of six years prior to the date of issuing the summons herein.

The said plaintiff failed to comply with the provisions of the Act of Assembly of 1911, P. L. 710, before instituting this action.

The said plaintiff before December, 1913, was doing business in Pennsylvania and before doing any business in the Commonwealth of Pennsylvania, failed to appoint, in writing, the secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent as required by the Act of Assembly of 1911, P. L. 710, and before it instituted this action. The said deponent is not indebted to the plaintiff in the sum of nine hundred, sixteen and 94-100 dollars for butter sold and delivered him by said plaintiff.

The said plaintiff denies the existence of any such corporation as stated herein and states, to the best of his knowledge and belief whether there is any incorporation in relation to the subject matter of the action and the name and style of the corporation as alleged. All of which deponent expects to be able to prove at the trial of this case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. O. Ulrich,* for appellant.

*B. J. Duffy,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

To entitle the plaintiff to judgment his statement must show a complete cause of action.   An examination of it convinces us that there is sufficient alleged to support the judgment.   It is a concise statement of the plaintiff's demand, showing the subject-matter of his claim, and the dates and the amounts and it is accompanied by a copy of the book account.   The book account is stated in abbreviated language, but taking the whole of the statement, it cannot be seriously contended that the nature of the plaintiff's claim is not disclosed in every essential particular, or that it is unintelligible.   Anyone reading it can readily know that the plaintiff sold a certain number of pounds of butter to the defendant at a certain price per pound on the dates therein set forth and that defendant has never paid for it.   These allegations cover everything that is required by the Act of May 25, 1887, P. L. 271.

The affidavit of defense contains the bald statement that the defendant does not owe the sum claimed by the plaintiff.   It does not deny the receipt of the goods or make any statement in regard to them which would relieve him from the payment in whole or in part of the sum due.   There is no defense on the merits.

The remainder of the affidavit is largely in the nature of a demurrer to the sufficiency of the plaintiff's statement in that the plaintiff being a foreign corporation and having done business in Pennsylvania has failed in its statement to allege that it has complied with the Act of June 8, 1911, P. L. 710.   In Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184, Judge WICKHAM stated, "He who buys and keeps valuable property and seeks

to pay therefor by alleging a violation of a statute on the part of the vendor, ought to set forth his defense with certainty." This is just what defendant has failed to do. His asserting that the plaintiff before December, 1913, was doing business in the State of Pennsylvania is a mere legal conclusion and the facts to support it are not stated. As was said in Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585: "It is true the affidavit avers the doing of business in Pennsylvania as a legal conclusion, but it gives no facts upon which we can look and determine that the plaintiff has violated the provisions of the act of assembly. All that is here alleged is entirely consistent with the conduct of a foreign corporation engaged in strictly interstate commerce. The affidavit of defense should have stated the facts from which it could be clearly inferred that the particular contract with which we are concerned was violative of the act. We will not assume that the plaintiff was a violator of the law, when the facts set forth are consistent with the doing of a lawful business......Innocence is to be presumed rather than guilt. The presumption is, too, that the defendants stated their defense as strongly as the facts would warrant and whatever is left for conjecture, instead of helping their case, harms it." "The affidavit should state the character of the business done in violation of the act:" Galena M. & S. Co. v. Frazier, 20 Pa. Superior Ct. 394; see Sigua Iron Co. v. Vandervort, 164 Pa. 572.

The language above quoted applies so well to the case we are considering, that we need add nothing to it.

An item of the defense denies the plaintiff's incorporation. This statement is so at variance with the remainder of the affidavit, that it hardly deserves any notice. He first seeks to defeat plaintiff's claim by alleging that plaintiff is incorporated by another state and later asserts that he believes that it is not incorporated at all. This is playing fast and loose with the truth. We conclude that the plaintiff's statement is in full com-

pliance with the Act of 1887 and that the affidavit of defense is insufficient.

The judgment of the lower court is affirmed.