## Duro Art Supply Co.
### v.
## Auto Parts & Radiator Co.

*Benson Zion*, for plaintiff.

*Malcolm B. Petrikin*, for defendant.

DIGGINS, J., April 18, 1963.—In this case, plaintiff filed a complaint in assumpsit against defendant seeking judgment for $2,053.93 for certain merchandise allegedly sold and delivered. Defendant filed preliminary objections, contending that plaintiff's complaint is vague and indefinite and violates Pennsylvania Rule of Civil Procedure 1017(b)3 and also alleging that plaintiff is a foreign business corporation and unauthorized to do business in Pennsylvania. These preliminary objections are not in proper form in that there is no affidavit attached and might be dismissed for that reason. However, in the interest of time, we overlook the carelessness.

Actually, the specific objections have to be treated in inverse order because the most important one is that which alleges that plaintiff, since it designates itself as an Illinois corporation, lacks capacity to bring suit in Pennsylvania. If there were merit in this, there would be no reason to discuss the further objections and the matter would be ended. In our judgment, the record in this case is not ripe for an adjudication on preliminary objections on the point of lack of capacity to sue.

The situation here presented is governed by the rule in Meaker Galvanizing Co. v. Charles E. McInnes & Co., Inc., 272 Pa. 561, 568:

"A foreign corporation may ordinarily maintain an action to enforce its contracts within the State: Leasure v. Union Mut. Life Ins. Co., 91 Pa. 491. It is restricted only when 'doing business' within the meaning of our acts requiring, in such case, the performance of certain duties before becoming so engaged. No presumption

arises that the plaintiff is a wrongdoer, and has failed to perform its legal obligations: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184. On the contrary, it will be assumed that it did all the law demanded, and its statement of claim need not negative its violation of a penal statute: 14 A. C. J. 1358; 9 Fletcher on Corporations, sec. 5997; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278; cf. Zion Church v. St. Peter's Church, 5 W. & S. 215 . . ."

However, it is to be noted that the law seems to provide that if defendant is to avail himself of this defense, it must be raised preliminarily as here done because the filing of a responsive answer waives that right.

"Under Rule 1032, Pa. Rules Civ. Proc., the filing of a responsive answer waives all defenses except failure to state a claim upon which relief can be granted, failure to join an indispensable party, and lack of jurisdiction over the subject matter. It follows, therefore, that the defense of lack of capacity to sue is waived by a responsive answer. . . .": Maxson v. McElhinney, 370 Pa. 622, 624.

It may be altogether true that for reasons presently outside this record plaintiff lacks capacity to sue, and as we have said, that question must be raised before a responsive answer is filed as has been done here. This brings us to the question then of what must be done in order to supply the record so that a final determination on these preliminary objections can be made. The practice is that if defendant chooses to raise these questions, it will almost always require the presentation of facts outside the record and, therefore, the form of preliminary objections and the subsequent proceedings must follow the rules applicable in such cases. Rule 1028 of the Rules of Civil Procedure covers this situation as follows:

"(c) . . . If an issue of fact is raised, the court shall take evidence by deposition or otherwise."

This procedure applies and we will, therefore, direct that either or both parties supply the record with the pertinent facts to substantiate their respective positions by deposition or otherwise.

In view of the foregoing, it would be premature to decide the preliminary objections regarding a more specific complaint. Final disposition on all of the preliminary objections will be withheld awaiting the result of this opinion and order.

Therefore, we make the following

### Order

And now, to wit, April 8, 1963, an issue of fact being raised in connection with the lack of capacity of plaintiff corporation to sue, it is ordered, adjudged and decreed that either or both of the parties supply for the record the pertinent facts and circumstances regarding same by depositions or otherwise within a reasonable time from the date hereof.