# Building, Loan and Savings Association *v.* Neal.

*Foreign corporation—Doing business—Statutes—Provision of act of 1874 imperative and prohibitory.*

A foreign building association falls within the inhibition of the Act of April 22, 1874, P. L. 108, where, having complied with the provisions of the act, so far as filing a statement in the office of the secretary of the commonwealth is concerned, it did not comply with the statute by preserving the certificate of the secretary of the commonwealth in its office or offices for public inspection. The clauses of the act of 1874 are mandatory and prohibitory; they indelibly stamp as unlawful any business transaction within the state by a foreign corporation which has not complied with them. Lasher v. Stimson, 145 Pa. 30, followed.

Argued Oct. 22, 1900. Appeal, No. 214, Oct. T., 1899, by defendant, in suit of the People's Building, Loan and Savings Association against Martha Neal, from judgment of C. P. McKean Co., Feb. T., 1896, No. 202, in favor of plaintiff, in a case tried before the court without a jury. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J. BEAVER, J., dissents.

Sci. fa. sur mortgage. Before MORRISON, J.

It appears from the record that the facts of the preceding case of Building, Loan & Savings Assn. v. Berlin, ante, p. 303, were stipulated as identical with the facts of this case.

It also further appears that the only difference is that the mortgage given by Mrs. Neal to secure the loan of money which is sought to be recovered is dated August 18, 1890, and before that date, on March 21, the plaintiff company had complied with the act of 1874, so far as filing a certificate in the office of the secretary of the commonwealth was concerned, but had not complied with the statute by preserving the certificate of the secretary of the commonwealth in its office or offices for public inspection as required by the statute.

Judgment for plaintiff. Defendant appealed.

*Error assigned* was entry of judgment in favor of plaintiff.

*Geo. A. Berry* and *Edwin E. Tait*, with them *Robt. L. Edgett*, for appellant.—The preserving of the certificate for public in-

spection was as much a part of the protection intended by the legislature to be given to the public and just as necessary for the information and protection of the public as the filing of the statement with the secretary of the commonwealth.

It will be noted the opinion of the court in Citizens' Trust & Surety Co. v. McCanna & Frazer Co., 6 Pa. Dist. Rep. 25, cited in the Berlin case, makes no distinction as to the two requirements of the 2d section of the act of 1874, but this section is treated as an entirety, compliance with the entire section evidently being deemed a condition precedent to the doing of any lawful business in this commonwealth by a foreign corporation.

From all of the authorities, we feel justified in deducing the legal proposition, to wit: if the requirement under consideration is coupled with a grant of power, and the performance of the requirement made a condition precedent to the exercise of the grant, then such condition must be mandatory.

*E. R. Mayo* and *Chester M. Elliott,* with them *G. B. Mayo,* for appellee.—To our arguments in the former case, Building, Loan and Savings Assn. v. Berlin, may be added that it is conceded in this case, if the provision in said act of 1874, requiring the secretary's certificate of the filing of the statement to be preserved for public inspection in each and every office, may be considered directory instead of mandatory, then this judgment should be affirmed.

It is said of courts that " their proper object in construing any statutory provision as merely directory is not to defeat the legislative will, but to avoid the delay, confusion and overturning of rights and titles which would result from ascribing an invalidating effect to every trifling irregularity in official action : Black on Interpretation of Laws, 336.

It is urged that where the matter is of public interest, or concerns the public, that the provision in the act must be construed as mandatory, and not directory : Rodebaugh v. Sanks, 2 Watts, 9.

So a Vermont statute providing that all warnings for school district meetings shall, before the same are posted, be recorded by the clerk, is regarded as directory only, so that a failure to record the warning will not render the meeting illegal : Adams v. Sleeper, 64 Vt. 544 ; 24 Atl. Repr. 990.

Surely the contract in this case does not concern the public. Only the immediate parties are interested. Before advancing to the defendant the full matured value of her stock, the plaintiff did file in the office of the secretary the statement required by the act of 1874. To say now that the plaintiff cannot recover, because it failed to preserve the secretary's certificate of such filing for inspection in any office in Pennsylvania, is extremely technical, not to say unjust.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

The facts of this appeal differ only from those of the foregoing case in that the association before making their loan upon the mortgage to the defendant, complied with the act of 1874, so far as filing a statement in the office of the secretary of the commonwealth was concerned, but did not comply with the statute by preserving the certificate of the secretary of the commonwealth in its office or offices for public inspection. The learned court below held that the failure to keep the certificate in the office of the corporation for inspection did not render the contract with the defendant void, inasmuch as he regarded the provision as directory. The question presented is not without difficulty. It is true that one clause of the provisions of an act may be held to be directory, while the remainder may be held to be imperative. The act of 1874, however, closely couples the obligation to file a statement with the secretary of the commonwealth with the obligation to preserve the certificate of the secretary for public inspection; and in Lasher v. Stimson, 145 Pa. 30, Mr. Justice McCOLLUM speaks of them in conjunction. He says the clauses are clearly prohibitory, and that they indelibly stamp as unlawful any business transaction within the state by a foreign corporation which has not complied with them. He adds, "It is only by its observance of them that it can have a legal existence for business purposes within this jurisdiction or acquire contractual rights which our courts will recognize." A more extended quotation is to be found in the opinion filed in the preceding case. This language is direct and positive. It applies to the duty of preserving the certificate as well as to the duty of filing the statement with the secretary. The case in which the language is used does not raise, it is true, the distinction between the

BUILDING, LOAN & SAVINGS ASSN. *v.* NEAL. 403

400, (1900).]                    Opinion of the Court.

clauses. The question before the court did not involve a consideration of the effect of a failure to observe the second requirement alone. While under these circumstances the case cited can scarcely be regarded as a direct adjudication of the question now presented, yet we are not prepared to approve a judgment entered in apparent conflict with an expressed opinion of the supreme court. If the explicit language used is to be limited in application, this should be done by no less authority than the court from which the opinion comes.

Thus holding, we reverse the judgment of the court below.

BEAVER, J., dissents.