## McManus Contracting Company *v.* McFadden, Appellant.

*Corporations—Foreign corporations—Registration—Inspection of certificate—Act of April 22, 1874, P. L.* 108.

Under the Act of April 22, 1874, P. L. 108, relating to the registration of foreign corporations, the certificate of registration may be kept in a safe in the office of the company, instead of being hung up on the wall for public inspection.

Submitted Dec. 13, 1906.    Appeal, No. 187, Oct. T., 1906, by plaintiff, from decree of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 4,258, on bill in equity in case of The McManus Contracting Company v. Cornelius McFadden.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Bill in equity.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*M. Hampton Todd,* for appellant.

*Wm. M. Johnson,* for appellee.

OPINION BY MORRISON, J., April 15, 1907:

This is a bill in equity and the learned court below having made a final decree, the defendant appealed therefrom to this court.    His learned counsel state the question involved as follows : " Is it sufficient compliance with the Act of Assem-

bly of April 12, 1874, P. L. 108, concerning registration of foreign corporations, that the certificate of registration is kept in a safe instead of being exhibited for public inspection ? "

The learned court below found as follows : " The plaintiff is a New Jersey corporation, duly authorized to do business in Pennsylvania. The plaintiff had in its possession the certificate of the secretary of the commonwealth, which it kept in the safe in its office and was at all times ready to exhibit to any person who might desire to inspect it. It was not hung upon the wall. The court thinks this was a sufficient compliance with the act of assembly." This foreign corporation had in all respects complied with the provisions of the act of assembly of April 12, 1874, unless that act required the certificate to be hung upon the wall, or so placed in the appellee's office that it could be seen by all persons having occasion to go therein.

The language of the act is : " And the certificate of the secretary of the commonwealth, under the seal of the commonwealth, of the filing of such statement, shall be preserved for public inspection by each of said agents, in each and every of said offices."

It is contended by the appellant that this language requires that the certificate shall be framed and hung in the office or nailed upon the wall. We are not convinced that this is a proper construction of the provision referred to. The learned counsel cites Lasher v. Stimson, 145 Pa. 30, and quotes from the language of McCollum, J., on p. 35. But we find nothing in that case sustaining the contention that when a foreign corporation has complied with the act of 1874 by filing its statement with the secretary of the commonwealth, opening an office, appointing an agent, and keeping the certificate of the secretary of the commonwealth therein at all times, it must be held powerless to maintain a suit in Pennsylvania because the certificate is not kept hung up on the wall in the office. The important things required by the act of 1874 are the filing of the statement, establishing an office, appointing an agent and having in the office the certificate so that it may be exhibited at any time to all persons desiring to see it.

Building, Loan & Savings Association v. Neal, 15 Pa. Superior Ct. 400 is also cited, and that case is referred to in Wall

Paper Company's Appeal, 15 Pa. Superior Ct. 407.  But Building Association v. Neal, was reversed by the Supreme Court in 201 Pa. 9, and we do not understand that case to hold that it is mandatory on a foreign corporation to keep the required certificate hung or fastened upon the wall of its office. In that case the certificate of the secretary of the commonwealth was not preserved in the office of the corporation and a person inquiring for it there could not have found it.

The statute says the certificate shall be preserved for public inspection.  If the legislature intended that it should be framed and hung or fastened upon the wall of the office, it would doubtless have so said in the act, as was done in the act of 1887, in regard to liquor licenses, and in many city ordinances requiring licenses to be exhibited in conspicuous places.  It seems to us consistent with ordinary common sense that the legislative intent was, in prescribing the preservation of the certificate for public inspection, that it should be kept in the office of the corporation for the examination of those interested in its contents.

The appellant does not contend that he did not know the appellee was a foreign corporation, or that he did not know that it had been duly registered, nor does he contend that he did not know Riedenauer, with whom he was daily in contact, was the agent required by the statute upon whom service could be made.

In Delaware River Quarry, etc., Co. v. Pass. Ry. Co., 204 Pa. 22, there had not been any registration at all until after the corporation had been engaged in business in this commonwealth during a period of six months.  And, therefore, the Supreme Court held that the provisions of the act of April 22, 1874, had not been complied with and the plaintiff could not maintain an action in this commonwealth.

In the present case the appellee had put itself within the reach of our courts, and for the technical reason that the certificate was not hung upon the wall we are not willing to hold that the present suit cannot be maintained.

Upon the merits we are not convinced that the decree is not just and we see no sufficient reason for its reversal.

The assignments of error are dismissed and the decree is affirmed at the costs of the appellant.