## Kernchen Co., Appellant, *v.* English.

*Corporations—Foreign corporations—Doing business—Interstate commerce—Failure to register.*

Where a foreign corporation owning patents on ventilators procures the manufacture of such ventilators in Pennsylvania, pays the manufacturer for the work, and sells the ventilators to parties in the State of Pennsylvania, at such prices as it sees fit, such sales do not involve interstate commerce; and if it appears that such foreign corporation maintains an office in Pennsylvania with its name on the door of the office where orders are received, and also keeps a stock of ventilators on hand in Pennsylvania for sale, and it also appears that the company is not registered in compliance with the Act of April 22, 1874, P. L. 108, the corporation has no standing to maintain an action in Pennsylvania to recover the price of ventilators sold in that State.

In such a case the burden of proving registration is upon the plaintiff.

Argued Oct. 17, 1917. Appeal, No. 71, Oct. T., 1917, by plaintiff, from judgment of C. P. Philadelphia Co., Sept. T., 1915, No. 3913, for defendant non obstante veredicto in case of Kernchen Company v. William English and Frank J. Coll, trading as William English & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for goods sold and delivered.

At the trial the jury returned a verdict for plaintiff for $153.58. On a motion for a new trial, and for judgment for defendant non obstante veredicto DAVIS, J., filed the following opinion:

The plaintiff, a corporation incorporated under the laws of the State of Illinois, brought this action to recover for merchandise sold and delivered by the defendants to a third party. The plaintiff company is the owner of patents for the Kernchen ventilator and is engaged in the manufacture and sale of those ventilators. The defendants are sheet metal manufacturers in Phila-

delphia. For a period of five years the defendants and their predecessors in the business had a business arrangement with the plaintiff company to manufacture the Kernchen ventilators upon order and permission from the plaintiff company. The ventilators when manufactured were delivered to the vendees of the plaintiff company, with the tags of the plaintiff company attached thereto. The price was fixed by the plaintiff company under a price list sent to the defendants and under the agreement the ventilators could not be manufactured or sold without permission or order from the plaintiff company.

The plaintiff company maintained an office and agency in the City of Philadelphia, the name of the company being also in the telephone directory. As stated by the president and general manager of the plaintiff company, the method of transacting business in this city was for the convenience of the plaintiff company, whose main office and business was in the City of Chicago, State of Illinois. He testified that the ventilators could be manufactured and delivered cheaper on contracts within the State of Pennsylvania than to manufacture them in the State of Illinois and deliver them in the State of Pennsylvania. It is admitted that the plaintiff corporation is not registered in the State of Pennsylvania as required by the Act of June 8, 1911.

Two questions are raised under the facts: first, whether the plaintiff, a foreign corporation, under all the evidence was doing business within the meaning of the Pennsylvania statute requiring a foreign corporation doing business to be registered; second, whether a foreign corporation doing business within the meaning of the Pennsylvania statute and requiring registration, has the burden of proving registration in compliance with such statute. The test as to whether the corporation is doing business within the intent and meaning of the law of this State, depends upon the facts in each particular case. In the case at bar, the ventilators are pat-

ented articles owned by the plaintiff company and could only be manufactured by the defendant company upon permission of the plaintiff. The defendants were permitted to maintain a supply of the ventilators in stock for the purpose of filing orders and shipping the ventilators to points within and without the State of Pennsylvania. The business transactions between the plaintiff and defendants were continuous and not confined to one contract. The stock of ventilators kept on hand by the defendants for the plaintiff were always regarded as belonging to the plaintiff and the plaintiff exercised dominion over the property. Tags and labels furnished by the plaintiff company from Chicago were put upon each ventilator when they were manufactured by the defendants. At the plaintiff company's agency in Philadelphia, the name of the plaintiff company appeared upon the door of the office, and orders for ventilators were received at this office.

In West Jersey Ice Manufacturing Company v. Armour, 12 Pa. Superior Ct. 443, it was held: "When a foreign corporation seeks to enforce a contract made in this State, the burden of proof is upon it to show compliance with our laws in order to recover. The words "doing business" as used in the Act of April 22, 1874 (P. L. 108), are not construed to mean taking orders or making sales by sample by agents coming into our State from another for that purpose, but where the facts disclose a contract by a foreign corporation for the delivery and storage of ice at designated places in Philadelphia, without regard to its source of supply or place of manufacture there is a "doing business" within the State within the meaning of the Act of 1874. A transaction prohibited by that statute and an action founded thereon cannot be maintained.

In the case at bar the order for the ventilators did not relate to a single transaction but a continuing business within this State during a period of at least five years. The property in regard to which the contract was made

was an ordinary marketable commodity over which the plaintiff had entire control, and when manufactured, it became the property of the plaintiff; it was sold to their vendees as their property, being identified as such by tags of the plaintiff company, and it could be sold in no other way. It therefore necessarily follows that the plaintiff company had certain assets in this State. In Milsom Rendering & Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565, the facts were somewhat similar to the case at bar. It was there held: "There is no escaping the conclusion that the company employed a portion of its capital within the limits of this Commonwealth; that its property was shipped here as such; remained as such liable to be sold or to be returned, as it might determine. It was, therefore, doing business in this Commonwealth within the meaning and purview of the Act of 1874, and was bound to comply with the provisions of that act in doing such business. Having failed to comply with our laws, it could not appeal to them to enforce its civil contract."

The general principle is stated in 19 Cyc. 1271-1272: "If the commission merchant or other agent to whom the goods are consigned acts as the agent of the foreign corporation in effecting sales of them, under an agreement that all goods so long as unsold, remain the property of the corporation, and that the proceeds of the sales also become the exclusive property of the corporation, then manifestly the corporation has established an agency within the State for the sale of its goods and is doing business within the State within the meaning of such statute."

Under the facts of the case at bar, we are brought to the conclusion that the plaintiff company maintained an agency in the State of Pennsylvania, had property in this State and was "doing business" in violation of the Act of June 8, 1911. It is therefore not entitled to recover.

On the second question, whether a foreign corporation doing business within the meaning of the Pennsylvania statutes requiring registration has the burden of proving registration in compliance with such statutes, we are of opinion that the burden is upon the plaintiff to prove compliance with our statutory requirements: West Jersey Ice Co. v. Armour, 12 Pa. Superior Ct. 443, supra; Phœnix Silk Co. v. Reilly, 187 Pa. 526. "Whenever a foreign corporation seeks to enforce in the courts of Pennsylvania, payments accruing to it from prosecution of its business within the State, it is bound to show as part of its case that it was entitled to do business here as a corporation; that is, that it had complied with the Act of 1874." See also Delaware River Quarry & Construction Co. v. Bethlehem, Etc., Railway Co., 204 Pa. 22.

The motion for new trial is overruled.

The motion for judgment non obstante veredicto is granted.

*Error assigned* was the judgment of the court.

*James A. Somers,* for appellant.—A foreign corporation may employ agents to go from place to place and from town to town in Pennsylvania, or the agent may never go outside his own county, city or town, thus being a local agent and yet be doing a business, which is not and cannot be reached by our Act of 1874: Blakeslee v. Hilton, 5 Pa. Superior Ct. 184; Mearshon v. Lumber Co., 187 Pa. 17; Peoples B. & L. Assn. v. Berlin, 201 Pa. 1; Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. 278.

Isolated transactions between the plaintiff and the defendant are not within the act: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Stoner v. Phillipi, 41 Pa. Superior Ct. 118.

A foreign corporation engaged in interstate commerce cannot be made to register: Sioux Remedy Co. v. Cope,

235 U. S. 197; International Text-Book Co. v. Pigg, 217 U. S. 91; Buck Stove & Range Co. v. Vickers, 226 U. S. 205; Minnesota Rate Case, 230 U. S. 401.

The courts have taken the position that if the defendant attempts to pay for goods by pleading the statute, he must show clearly how the plaintiff was doing business within the statute, and unless he shows a clear case within the statute, the defense of nonregistration will not avail him: Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278.

*Alfred T. Steinmetz,* with him *George Wentworth Carr,* for appellees, cited: West Jersey Ice Mfg. Co. v. Armour, 12 Pa. Superior Ct. 443; Milsom v. Kelly, 10 Pa. Superior Ct. 565.

OPINION BY PORTER, J., October 12, 1918:

The plaintiff is a corporation of the State of Illinois, and the owner of a patent covering a certain kind of ventilator. This action is brought to recover the price of three of said ventilators averred to have been sold by the plaintiff to the defendants. The defendants are manufacturers having a factory in the City of Philadelphia, and for several years had, in that city, been making the ventilators for the plaintiff and shipping them to such places, in Pennsylvania and other states, as were designated by the plaintiff. It is very clear that, although the owner of the patent was an Illinois corporation, the manufacture of the ventilators in the State of Pennsylvania and the sale thereof within this State did not involve interstate commerce. The plaintiff paid to the defendants a price agreed upon for manufacturing the ventilators and then sold them to parties in the State of Pennsylvania and elsewhere at such prices as it saw fit. The three ventilators involved in this particular transaction were manufactured in Philadelphia and were there sold to these defendants. The plaintiff, being

a foreign corporation, had not complied with the statutes requiring it to register in order to entitle it to do business in this State. The opinion of Judge DAVIS, of the court below, in entering judgment in favor of the defendants non obstante veredicto, fully vindicates his conclusion that the plaintiff was not entitled to recover and renders further discussion unnecessary.

The judgment is affirmed.

HENDERSON and HEAD, JJ., dissent.