## Chicago Building and Manufacturing Company, Appellant, *v.* Myton.

*Corporations—Foreign corporations—Doing business in the state—Registration—Act of April 22, 1874, P. L.* 108.

A foreign corporation which has not registered under the act of April 22, 1874, cannot recover the amount of a subscription towards a fund for building a butter factory, where it appears from the contract offered in evidence by plaintiff, and from the other proofs, that the building erected was of considerable size, that the material for it was purchased in this state, that the workmen on it were residents of the state, that there was no restriction as to where the machinery and equipments were to be bought, and that the subscription was not to be paid until the building was finished.

Argued Oct. 29, 1903. Appeal, No. 99, Oct. T., 1903, by plaintiff, from judgment of C. P. Huntingdon Co., Feb. T., 1901, No. 24, for defendant non obstante veredicto in case of the Chicago Building and Manufacturing Company v. A. Guy Myton. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a contract of subscription towards the erection of a butter factory.

The facts are stated in the opinion of BAILEY, P. J., which was as follows :

The plaintiff is a corporation, chartered and organized under the laws of the state of Illinois. It has not filed in the office of the secretary of the commonwealth of this state, a statement, as required by the second section of the Act of April 22, 1874, P. L. 108.

On the 25th day of October, 1899, through one Jesse Sigsworth, its agent, it entered into a written contract, in this county, with the defendant and a number of other subscribers to erect and equip a butter factory at or near Mooresville or

Neff's Mills in this county. The building was no insignificant structure ; it was twenty-four feet wide, thirty-six feet long and twelve feet high, with an open annex fourteen by sixteen feet. It was to be equipped with a large quantity of machinery for the manufacture of butter. The building was to be constructed and the machinery and fixtures were to be placed in it before the defendant and his associates were to be required to pay for it. The plaintiff erected and equipped this butter factory according to the contract. The material used in its construction was purchased in this state ; a considerable portion of it in this county. The mechanics and workmen employed in its construction were residents of this county. It does not appear in the contract that the machinery and utensils for its equipment were to be furnished from the plaintiff's place of business in Chicago. Subscriptions to the amount of over $3,600 were made by citizens of this county to pay the cost of the erection and equipment of the butter factory. Amongst them was a subscription by this defendant of $100. To recover that sum, with interest from him this suit was brought. He contested the right of the plaintiff to recover upon two grounds, viz : that his subscription was made with the express agreement of the plaintiff's agent at the time that he should have the right to withdraw it any time during the day he made it, and that during that day he notified the agent of the plaintiff of his desire to withdraw it. The plaintiff's agent denied that it was made upon any condition and testified at the trial that it was an unconditional and absolute agreement to pay the amount subscribed. This disputed question of fact was submitted to the jury in a charge that was as favorable to the defendant as he had any right to expect. The verdict was against him. He moves for a new trial on the ground that the verdict was against the weight of the evidence. We regard that question of fact as settled by the verdict, and we have no inclination to disturb it for that reason. The motion for a new trial must, therefore, be overruled. The other ground of defense was that the plaintiff is a foreign corporation ; that it was doing business in this state and had not filed a statement in the office of the secretary of the commonwealth, as required by the act of April 22, 1874, supra, and, therefore, it cannot enforce this contract.

At the trial his counsel presented to us a point raising this question. We reserved our answer to it with the right to enter judgment for the defendant non obstante veredicto. As we have said the verdict was for the plaintiff. We are, therefore, required to answer the point.

It is not disputed that the plaintiff is a foreign corporation. In its statement of cause of action filed in this case, it avers that it was "doing business in Pennsylvania from its office, 240 West Lake St., Chicago, Illinois, and that said business consists in constructing manufacturing establishments for the purpose of manufacturing butter and cheese." It has not established an office or appointed an agent for the transaction of its business in this state ; nor has it filed in the office of the secretary of the commonwealth a statement according to the requirements of the Act of April 22, 1874, P. L. 108, to entitle it to do business here.

There is nothing onerous or unreasonable required by the act. Its requirements could have been easily complied with. The only reason that we can see for noncompliance is that it might keep itself beyond the reach of the taxing power of the commonwealth.

This is not the case of a foreign corporation advertising its goods, taking orders and making contracts of sale respecting the same and shipping them into this state, so that the principle of Blakeslee Manufacturing Co. v. Hilton, 5 Pa. Superior Ct. 184, Mearshon Co. v. Pottsville Lumber Co., 187 Pa. 12, Wolff Dryer Co. v. Bigler, 192 Pa. 466, and kindred cases could be applied. In the case of Wolff Dryer Co. v. Bigler, supra, it is especially noted in the opinion of Mr. Justice FELL that the building required for the reception of the machinery was constructed by the defendants. In this case the corporation agreed to construct the building as well as equip it. It does not appear in the contract that the building was to be equipped with machinery manufactured in another state and shipped into this state. It might purchase it wherever it could do so to its best advantage. The materials used in the erection of the building were purchased in this state, and the mechanics, or most of them, employed in its construction were residents of this county.

The defendants were not to pay their subscriptions until

the plaintiff had completed the contract. It employed its own capital in this state in the erection and equipment of this butter factory.

One of the tests of the application of the act of 1874, prohibiting the doing of business by a foreign corporation without previous registration, is that it shall have a portion of its corporate capital invested in the state: Wildwood Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389.

If this plaintiff was engaged in the erection of dwelling houses or churches in this state and of furnishing them, we think it would not be doubted that it was doing business in this state within the purview of the act of 1874. The fact that the buildings it does construct are to be used for the manufacture of butter and cheese would make no difference. It is in either case an employment of a portion of its capital here.

In the case of West Jersey Ice Manufacturing Co. v. Armour & Co., 12 Pa. Superior Ct. 443, it is ruled in a very able and exhaustive opinion, delivered by Judge ORLADY, that " where the facts disclose a contract by a foreign corporation for the delivery and storage of ice at designated places in Philadelphia without regard to its source of supply or place of manufacture, there is a doing of business within the state within the meaning of the act of 1874. A transaction prohibited by that statute and an action founded thereupon cannot be maintained."

We are of the opinion that this contract, which is for the construction of a building of large dimensions and equipment of it with machinery without regard to its place of manufacture, is a doing of business in this state, and is prohibited by the act of 1874. As we have before said, this contract does not contemplate that the machinery was to be manufactured in the state of Illinois, the domicile of the plaintiff and shipped into this state.

The plaintiff contends that inasmuch as it has performed its part of the contract, the defendant and his cosubscribers are estopped in this action from denying its validity. We do not think this contention can be maintained.

That compliance with the requirements of art. XVI, sec. 5, of the constitution, and of the act of 1874, is a condition precedent to the lawful transaction of business in this state by a foreign corporation, and that without such compliance its

engaging in business here is utterly unlawful and can give rise to no rights the corporation can enforce in our courts is very clear from the decisions of our appellate courts : Holt v. Green, 73 Pa. 198 ; Johnson v. Hulings, 103 Pa. 498; Ice Manufacturing Co. v. Armour & Co., supra, and other cases. The law will not lend its aid looking to the enforcement of a contract made in violation of an express inhibition of the constitution and laws of the state: Swing v. Munson, 191 Pa. 582.

In that case Justice DEAN says : " It is argued that Munson had the benefit of this contract of indemnity while the contract was in force and it is inequitable to permit him to escape payment of his share of the losses. This argument would have weight if the parties alone concerned were Munson and the insurance company ; but in enforcing a policy in the interests of the whole public, the law takes but little note of the conduct of the immediate parties to the contract; the rule is that courts having in view public interests will not lend their aid to the enforcement of an unlawful contract."

Justice MERCUR, in the case of Holt v. Green, supra, says : " It has been well said that the objection may often sound very ill in the mouth of a defendant, but it is not for his sake the objection is allowed ; it is founded on general principles of policy which he shall have the advantage of, contrary to the real justice between the parties. That principle of public policy is that no court will lend his aid to a party who grounds his action upon an immoral or an illegal act.

It is further argued that the plaintiff has the right to recover in this action because in making out its case it was not obliged to show the illegal transaction, if it was illegal. We do not think this position is tenable. To make out its case the plaintiff offered in evidence this contract, which we have seen is illegal. Whenever it appears on the trial of an action of assumpsit (whether in the plaintiff's case in chief or upon cross-examination, or by way of defense under the plea of non assumpsit) that the plaintiff's claim rests upon an illegal foundation, the court will not lend its aid to enforce it : Johnson v. Hulings, supra.

It follows that the first point of the defendant, the answer to which was reserved, should have been affirmed, and that the

first, second and third points of plaintiff, answers to which were also reserved, should have been negatived.

Now, May 4, 1903, after hearing the above motions and upon consideration a new trial is refused, and we now negative the first, second and third points of the plaintiff, affirm the defendant's first point, and enter judgment in favor of the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*H. H. Waite* and *W. M. Henderson*, for appellant.—The purchase of lumber, nails and bricks was no part of the plaintiff's contract with defendant. This was not the business embraced in said contract. If the purchase of these materials was illegal, that was a matter between the plaintiff and the seller of such materials. It was a matter collateral to the contract in suit, and of which the defendant cannot complain: Johnson v. Hulings, 103 Pa. 498; Grant v. Henry Clay Coal Co., 80 Pa. 208; Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466.

*W. H. Woods* and *Thomas F. Bailey*, with them *J. S. Woods*, for appellee, cited: Wildwood Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; West Jersey Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443.

PER CURIAM, December 19, 1903:

All of the assignments of error are overruled and the judgment is affirmed for the reasons given in the able opinion of the late President Judge BAILEY of the court below.