# Arms Pocket-book and Leather Novelty Co. *v.* Posey, Appellant.

*Principal and surety—Bond—Stay of execution—Laches.*

1. Where a person becomes surety before a justice of the peace on a bond for a stay of execution, he cannot after a delay of nine months from the time when judgment was entered against him, on an appeal then taken from such judgment be heard to aver that he was misled by the misrepresentations of the justice, where he offers no proof of any facts from which it could be inferred that the justice was in any way the agent of the plaintiff.

*Corporations—Foreign corporations doing business.*

2. An affidavit of defense in an action in which plaintiff was a foreign corporation is insufficient which merely avers, without the statement of any facts, that the plaintiff was a foreign corporation doing business illegally in this state.

*Principal and surety—Stay of execution—Bankruptcy.*

3. The surety on a bond for stay of execution cannot allege as a defense to his liability that the original debtor had become a bankrupt within four months after the date of the rendition of the original judgment against him, and under which the bond had been given to stay the execution.

Argued April 28, 1909.   Appeal, No. 160, April T., 1909, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1909, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Arms Pocket-book and Leather Novelty Company v. C. W. Posey.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Appeal from judgment of justice of the peace.

Rule for judgment for want of a sufficient affidavit of defense.   Before FORD, J.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*L. C. Barton,* for appellant.

*Alvin A. Morris*, with him *William A. Way* and *Albert J. Walker*, for appellee.

OPINION BY HEAD, J., July 14, 1909:

Although the record—composed as it is of a number of petitions, answers, appeals and proceedings collateral to the main issue—presents an aspect at first blush somewhat confusing, yet neither its length nor apparent complications can obscure the few basic facts upon which the liability of the present appellant rests.

The plaintiff began an action against one Klein before an alderman of the city of Pittsburg for the recovery of a debt less than $300, and in due course obtained a judgment. The defendant in that judgment, being a freeholder, claimed the right to have a stay of execution. This right could be exercised only on compliance with the statutory requirement. To fulfill this requirement he induced the present appellant to appear before the magistrate where he entered into a recognizance "in the sum of $525 as bail absolute in double the amount of the judgment, conditioned for the payment thereof in event of defendant's failure to pay at the expiration of stay of execution, viz.: nine months." He further stated under oath as a part of his recognizance that he was the owner of real estate valued at $10,000, with an incumbrance of $2,000 against it. The original defendant thus obtained the benefit of the stay of execution for the period of nine months. At the expiration of that period, the debt not having been paid, and the debtor having become a bankrupt, a scire facias on the recognizance was issued by the magistrate, at the instance of the plaintiff, and the appellant duly summoned. He failed to appear, and the plaintiff, having made the necessary proof, was awarded a judgment on the recognizance. Shortly afterwards the appellant appeared before the magistrate and demanded a transcript for an appeal to the court of common pleas. The magistrate being of the opinion that under such circumstances he was not entitled to an appeal, refused it. An application was thereupon made to the court of common pleas and a writ of alternative mandamus obtained, whereupon a transcript issued and the appellant, having paid

the costs, filed the transcript in court and thus his appeal was perfected. The plaintiff filed its statement of claim and the defendant his affidavit of defense, and a rule for judgment for want of a sufficient affidavit was taken out by the plaintiff.

On the same day on which the appellant, now the defendant, took his appeal, he also filed with the magistrate a petition setting forth that he had entered into recognizance under the impression that he was merely becoming bail for the costs on an ordinary appeal by Klein from the original judgment, having been, as he alleges, misled therein by the statement of Klein as well as of the clerk of the magistrate. The alderman refused the prayer of this petition and from that order the defendant again appealed to the common pleas where his appeal was pending at the time the court made absolute the rule for judgment for want of a sufficient affidavit of defense. It was from the latter judgment that the present appeal is taken.

The learned counsel for the appellant frankly admits that if in such case a recognizor became bound through a mistake for which the plaintiff was not responsible, that fact would be no defense to an action on the recognizance. It will be observed from what has been already stated that the defendant is a man of considerable property. He is presumably a man of ordinary intelligence, able—certainly in the absence of any averment to the contrary—to read and understand the obligation he executed.

The original affidavit of defense and the petition and supplemental petition of the defendant in support thereof set forth four grounds of defense. The first ground, to wit: that he mistakenly became bail absolute when he only intended to become surety for the payment of the costs, we understand to be practically abandoned. If it was not, the case of Clark v. McComman, 7 W. & S. 469, and the long line of cases following it, furnish ample authority for the conclusion of the court that this ground of defense availed nothing.

In the attempt to avoid, as we understand it, the force of these decisions, which rest to some extent at least on the ground that the plaintiff was in no way responsible for such mistake, the defendant undertook to aver that the alderman was the

agent of the plaintiff, and as a consequence we suppose the latter was to be bound by the misrepresentation of the magistrate or his clerk, if any such were made. To this allegation the court answered correctly that it amounted to nothing but the averment of a conclusion. Apart from the fact that the alderman, sitting as a justice of the peace, tried the case and awarded a judgment to the plaintiff, no single fact is averred upon which this conclusion could rest.

It is again sought to be set up as a ground of defense that the plaintiff is a foreign corporation and was doing business illegally in the state of Pennsylvania. Again the court correctly answers as follows: "The averment is merely a conclusion of law. The facts upon which defendant relies in support of his assertion that the plaintiff was doing business in the state of Pennsylvania should be stated with reasonable certainty. There is no averment as to when or how the plaintiff was doing business, nor that the indebtedness sought to be recovered against Klein was any part of such business transacted in this state."

Finally, it was contended that because the original debtor had become a bankrupt within four months after the date of the rendition of the original judgment against him, upon which this appellant became surety, the judgment became void, and therefore the liability of the surety was at an end. It is so manifest that this contention rests upon a misapprehension of the effect of the adjudication in bankruptcy, as well as of the obligation of the recognizor, that no discussion is needed to show that this ground of defense was worthless.

As long as the record remained before the magistrate, this appellant had the right to file his petition for the purpose of having any error of fact corrected, or in other words, for the purpose of having that record so amended as to make it speak the truth according to the actual facts. He did nothing for the period of nine months, during which the stay of execution he had brought about was operative. When the action of scire facias was begun and he was duly warned, he failed to appear or make any defense. Even after judgment had gone against him, he could still have properly made his application to the magistrate. He at the same time had the statutory right to take

his appeal to the common pleas, remove the record there, and have his cause adjudicated on the merits by that tribunal. He elected to exercise that right and called to his aid the power of the court to enforce it. He thus removed the record from the magistrate to the court, and his cause was to be tried de novo in the tribunal of his choice. He has had his day in that court. He has had abundant opportunity to exhibit any defense to the claim of the plaintiff, but has been able to show none. We think, therefore, the learned court was right in making absolute the rule for judgment. The assignments of error are overruled.

Judgment affirmed.