# Federal Glass Company, Incorporated, *v.* Lorentz, Appellant.

*Corporations—Foreign corporations—Registration—Doing business—Act of April 22, 1874, P. L. 108.*

A foreign corporation is not doing business in Pennsylvania within the meaning of the Act of April 22, 1874, P. L. 108, which merely employs an agent in Pennsylvania to exhibit samples and take orders for the sale and delivery of goods at its place of business in another state.

Argued Dec. 13, 1911. Appeal, No. 223, Oct. T., 1911, by defendant, from order of C. P. No. 5, Phila. Co., June Term, 1911, No. 5,294, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Federal Glass Company, Incorporated, v. Jacob Lorentz, Jr., trading as Jacob Lorentz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Benjamin H. Renshaw*, for appellant.—The act of April 22, 1874, which requires a foreign corporation undertaking to do business in the state of Pennsylvania to establish an office and appoint an agent, etc., is mandatory and prohibitory. Where a foreign corporation does not comply with the second section of the act its business transactions are illegal and all contracts pertaining to it are unlawful: Lasher v. Stimson, 145 Pa. 30; Phila. Bill Posting Co. v. Wegefarth, 33 Pa. C. C. Rep. 126; Bldg. Loan & Savings Assn. v. Neal, 15 Pa. Superior Ct. 400.

That the burden of proving compliance with the act is on the plaintiff to show such compliance as part of its

case, is settled by the following cases: Thorne v. Ins. Co., 80 Pa. 15; Mutual Benefit Life Ins. Co. v. Bales, 92 Pa. 352; Travelers' Ins. Co. v. Heath, 95 Pa. 333; Lasher v. Stimson, 145 Pa. 30; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Milsom Rendering & Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565; West Jersey Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443; Wall Paper Co.'s App., 15 Pa. Superior Ct. 407; Chicago Building & Mfg. Co. v. Myton, 24 Pa. Superior Ct. 16.

*Samuel W. Cooper*, for appellee, cited: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Campbell Printing-Press & Mfg. Co. v. Hering, 139 Pa. 473.

OPINION BY MORRISON, J., March 1, 1912:

In this action of assumpsit for the price and value of goods sold and delivered by the plaintiff to the defendant, the court below granted judgment against the defendant for the full amount of the plaintiff's claim for want of a sufficient affidavit of defense, and the defendant appealed.

From the declaration and the affidavit of defense we gather the following facts: The defendant resides and does business in the city of Philadelphia; the plaintiff is a foreign corporation engaged in the manufacture of glass in Columbus, Ohio; that the plaintiff has for several years had an agent located in Philadelphia who kept in his office samples of glassware and he took orders for goods and transmitted the orders to the plaintiff at Columbus; that the goods in question were so ordered by the defendant in Philadelphia through said agent and they were to be shipped from Columbus to Philadelphia at the cost of the defendant, and they were so shipped, the plaintiff paying the freight on the same and charging it to the defendant; that the value of the goods was near $800; that the defendant actually received the goods and used them and never offered to return them and found no fault with the quantity or quality of the same; that the defendant actually drew three several checks and sent them to the

plaintiff on account of the sum due for said goods; that these checks amounted in the aggregate to $396.54, but none of them were ever paid because defendant had no funds in the bank on which they were drawn. The affidavit of defense does not aver that the plaintiff corporation ever used any part of its capital in Pennsylvania, nor does it aver that the plaintiff ever manufactured anything in Pennsylvania, or kept any goods stored in the state for sale and delivery, nor that any goods were actually sold and delivered within this state.

The contract in this case was, in law, for the sale and delivery of the goods in question f. o. b. Columbus, Ohio, and it cannot be doubted that when these goods were delivered on the cars in Columbus, the title then and there vested in the defendant, and it seems like a waste of time to cite authorities on this proposition. We will, however, mention the following cases which control this question: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Werner Saw Mill Co. v. Ferree, 201 Pa. 405; Rickey v. Tutelman, 19 Pa. Superior Ct. 403.

In the affidavit of defense it is averred that the plaintiff had been for a long time doing business in this commonwealth and that it had never complied with the provisions of the Act of assembly of April 22, 1874, P. L. 108, but there is not an averment in the affidavit of the doing of any actual business by the plaintiff, within the state of Pennsylvania, except the taking of orders and transmitting them to Columbus. It is true the affidavit avers the doing of business in Pennsylvania as a legal conclusion, but it gives no facts upon which we can look and determine that the plaintiff was violating the provisions of the act of assembly. All that can be legitimately inferred from the affidavit is that the plaintiff had an agent in Philadelphia who exhibited samples and took orders for the sale and delivery of goods at Columbus, Ohio, and this is not prohibited by the act of assembly nor by the decisions of our appellate courts. We think this question is absolutely ruled by our case of Blakeslee Mfg. Co. v. Hilton, 5 Pa.

Superior Ct. 184, and we quote from that case (p. 190): "He who buys and keeps valuable property and seeks to pay therefor, by alleging the violation of a statute on the part of the vendor, ought to set forth his defense with certainty. All that is here alleged is entirely consistent with the conduct of a foreign corporation, engaged in strictly interstate commerce. It may advertise its goods, take orders, make contracts of sale respecting the same, and ship them to customers in this state. It may also employ agents living in Pennsylvania to go from county to county, from town to town, and from person to person, to secure orders. Or the agent may never go outside of his own county, city or town, thus being, in one sense, a local agent and yet be doing a business which is not and cannot be reached under our act of 1874. In the present case, the affidavit of defense should have stated the facts from which it could be clearly inferred that the particular contract with which we are concerned was violative of the act. It is not sufficiently alleged, however, that the contract was any part of the business, said to have been transacted by the so-called local agent and who, perhaps, did not have an existence at the time it was made. The defendant's inferences are not sustained by their facts. We will not assume that the plaintiff was a violator of law, when the facts set forth are consistent with the doing of a lawful business, or, if they leave the character of the business doubtful. Innocence is to be presumed rather than guilt. The presumption is, too, that the defendants stated their defense as strongly as the facts would warrant and whatever is left for conjecture, instead of helping their case, harms it.

"The words 'doing any business,' as used in the act, should not be construed to mean taking orders or making sales by sample, by agents coming into our state from another, for that purpose. To hold otherwise would make the act offend against the constitution of the United States as imposing unlawful restrictions on interstate commerce:" citing many authorities. See also Campbell Printing Press

& Mfg. Co. v. Hering, 139 Pa. 473, and Galena Mining
& Smelting Co. v. Frazier, 20 Pa. Superior Ct. 394.

The defendant's counsel has cited and referred to a large
number of cases which, in our opinion, do not sustain his
position at all.  We will briefly refer to some of them: In
Lasher v. Stimpson, 145 Pa. 30, the manufacturing com-
pany was a New Jersey corporation and was actually
carrying on the business of manufacturing and selling soap
or a washing compound within the state of Pennsylvania.
Counsel also cites Building, Loan and Savings Assn. v.
Neal, 15 Pa. Superior Ct. 400, but he fails to note that
that case was reversed by the Supreme Court (201 Pa. 9).
He also cites Wall Paper Co.'s App., 15 Pa. Superior Ct.
407.  In that case we find in the opinion of the Superior
Court that the corporation had branch stores located in
the city of Philadelphia and was actually employing part
of its capital in doing business in this state.  He also cites
Chicago Bldg. & Mfg. Co. v. Myton, 24 Pa. Superior Ct.
16, but in that case the corporation was actually engaged
in business in Pennsylvania.  He also cites Com. v. Nolde,
44 Pa. Superior Ct. 111, and quotes from that case, and the
portion of it quoted shows the actual doing of business in
Pennsylvania by the foreign corporation.  Our conclusion
is that the affidavit of defense in the present case does not
show the plaintiff corporation was engaged in any business
in Pennsylvania which required it to comply with the Act
of April 22, 1874, P. L. 108.

We all agree that the judgment should be affirmed.

The assignment of error is dismissed and the judgment
is affirmed.