## Hartzog's Estate.

*Accord and satisfaction — Executory agreement — Judgment— Payment—Contract.*

1. While an executory agreement may constitute a complete accord and satisfaction if the parties so intend, such intent must be

clearly manifest before a court will strike down the record evidence of a debt.

2. Where a plaintiff in an ejectment recovers a judgment for mesne profits, and immediately enters into a written agreement with defendant that the latter, in consideration of the satisfaction of the judgment, "the same to be satisfied when a deed is executed," would convey all his title in the land in controversy to such plaintiff, and the deed is never executed, the executory agreement to make the conveyance, is not an accord and satisfaction of the judgment, and is not made so by the fact that plaintiff subsequently took title to the property by sheriff's sale, sold it at a profit, and never made any demand for the payment of the judgment during the defendant's lifetime.

Argued March 8, 1921. Appeal, No. 168, Jan. T., 1921, by Herbert J. Hartzog and E. P. Wilbur Trust Co., Guardian of estate of Ira W. Hartzog, from decree of O. C. Northampton Co., sustaining exceptions to auditor's report, in estate of Israel T. Hartzog, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to auditor's report. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions of Wm. A. Hartzog to the auditor's report.

Herbert J. Hartzog and the guardian of the estate of Ira W. Hartzog appealed.

*Error assigned,* among others, was decree sustaining exceptions to auditor's report.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with him *Herbert J. Hartzog* and *James T. Woodring,* for appellants.—Accord and satisfaction may be a defense to a debt of record: Fowler v. Smith, 153 Pa. 639; Bofinger v. Tuyes, 120 U. S. 198; Laughead v. Coke Co., 209 Pa. 368; Hosler v. Hursh, 151 Pa. 415.

Under the circumstances of this case, it is clear that the parties intended the executory agreement to be itself the satisfaction of Israel T. Hartzog's liability on the judgment.

*Frank Reeder, Jr.,* with him *E. J. & J. W. Fox,* for appellee.—An agreement to settle, without an actual settlement, will not amount to an accord and satisfaction: Kamber v. Becker, 27 Pa. Superior Ct. 266; Klett v. Claridge, 31 Pa. 106.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1921:

William A. Hartzog and three others, in an action of ejectment for a three-fourths interest in a tract of land, recovered judgment against Israel T. Hartzog for $1,000 for mesne profits. On the same day the verdict was rendered, William (his coplaintiffs not joining) and Israel entered into a written agreement, that the latter, in consideration of the satisfaction of the judgment, "the same to be satisfied when a deed is executed," would convey all his right, title and interest in the land in controversy to William. The deed was never executed. Thirteen months later, William, as assignee of a first mortgage on the property, foreclosed and bought it at the sheriff's sale; later on, he sold it at a profit. Nothing was done, so far as the record discloses, to collect the judgment in Israel's lifetime, and it was not revived. Nine years after recovery of the judgment, on the death of Israel, William presented it as a claim against his estate; the auditor appointed to make distribution refused to allow the claim, principally on the ground that it was stale; but the court set aside the auditor's finding and awarded the amount of the judgment, with interest, to plaintiff; this appeal followed.

The contention urged upon us is that, while the contemplated deed never was executed, the parties intended the executory agreement—to make the conveyance—to be a complete accord and satisfaction in itself, and that

this is shown by the circumstances that William, a little more than a year following the date of agreement, procured the entire title to the property by the sheriff's sale (which rendered the execution of the deed unnecessary), sold it at a profit, and, during the lifetime of Israel, made no effort to collect the judgment nor to revive it.

Israel, notwithstanding the outcome of the ejectment, was still, until the sheriff's sale, the owner of an undivided fourth of the property, and the proofs are silent as to why the deed was not executed. We are asked to presume, on the one hand, that it was deemed best by the parties concerned to clear up the title by foreclosing the mortgage, which gave William all and perhaps more than he would have obtained by the deed, and, on the other, that the reason for the sheriff's sale was because Israel had refused to execute a deed. This, however, is not a case in which presumptions can or should play any part; and it stands barren of proof that the executory agreement was to work a satisfaction of the judgment. While it may be that an executory agreement will constitute a complete accord and satisfaction if the parties so intend, certainly such intent must be clearly manifested, before a court will strike down the record evidence of a debt. Since in this case there was no evidence of any such intent, and as the agreement provides in plainest terms that the judgment shall be satisfied "when a deed is executed," which never was done, the learned court below correctly held the judgment must be paid.

The decree is affirmed at appellants' cost.