# Meaker Galvanizing Co. *v.* Charles E. McInnes & Co., Inc., Appellant.

*Accord and satisfaction — Performance — Agreement to accept promise in satisfaction—Consideration—Written evidence—Law for court.*

1. In an accord and satisfaction, the performance generally is the carrying out of an agreement of accord, but it may be expressly agreed, or the circumstances may clearly show, that the promise or agreement of accord itself is to be taken in satisfaction of the original demand, and, when that is the case, the promise or undertaking, if supported by a sufficient consideration, is to be accepted as equivalent to performance or execution.

2. An adjustment of unliquidated damages is a sufficient consideration for the promise.

3. Where there is no conflict in the facts, and the determination of the intention of the parties as to the accord, rests solely on the interpretation to be placed on their letters, the question is one of law for the court.

*Practice, C. P.—Affidavit of defense—Fraud—Insufficient averment.*

4. An affidavit of defense averring fraud is evasive and insufficient, if it does not aver facts showing the extent of the fraud or misrepresentations averred.

*Practice, C. P.—Statement—Foreign corporation—Registration —Doing business—Presumption of legality—Affidavit of defense.*

5. A foreign corporation may ordinarily maintain an action to enforce its contracts, within the State. It is restricted only when "doing business" within the meaning of the Pennsylvania registration law, and it has failed to register.

6. No presumption arises that a foreign corporation in bringing a suit in this State, is a wrongdoer, and has failed to perform its legal obligation of registering.

7. It need not in its statement of claim negative its violation of a penal statute.

8. Where, in such case, the statement of claim shows a Pennsylvania contract, and that the transaction involved interstate commerce, but does not show that the company plaintiff was "doing business" within the meaning of the registration laws, an affidavit of defense is insufficient which makes no proper averments to indicate the necessity of registration.

9. The mere averment that the corporation was doing business within the Commonwealth is not enough; facts must be set forth from which such conclusion can be drawn.

Argued January 5, 1922. Appeal, No. 26, Jan. T., 1922, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 5140, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Meaker Galvanizing Co. v. Charles E. McInnes & Co., Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of sufficient affidavit of defense. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Horace M. Rumsey,* with him *Hiram B. Calkins,* for appellant.—The statement of claim is not sufficient as to right of plaintiff as a foreign corporation to bring this suit: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526.

The parties in this cause entered into an accord and not a compromise agreement: Flegal v. Hoover, 156 Pa. 276; Foye v. Coal & Coke Co., 251 Pa. 409.

The accord in the case at bar is executory: Hosler v. Hursh, 151 Pa. 415; Schwartzfager v. Ry., 238 Pa. 158.

An unexecuted accord is unenforceable: Hearn v. Kiehl, 38 Pa. 149; Foye v. Coal & Coke Co., 251 Pa. 409; Schwartzfager v. Ry., 238 Pa. 158; Shoemaker v. Fegley, 14 Pa. Dist. R. 850.

The agreement of accord in this case is unenforceable as it is not founded on a valuable consideration: Martin v. Frantz, 127 Pa. 389; Keen v. Vaughan, 48 Pa. 477; Thomas v. Beneficial Union, 260 Pa. 1.

The averments in the affidavit of defense as to false and fraudulent representations are sufficient, assuming a good cause of action is set forth in the statement of claim: Hoge v. Hoge, 1 Watts 163; Williams v. Kerr, 152 Pa. 560; Sutton v. Morgan, 158 Pa. 204; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; Smith v. Smith, 166 Pa. 563.

*Roland C. Heisler,* with him *Dickson, Beitler & Mc-Couch,* for appellee.—The transaction between the parties being interstate commerce, the acts requiring registration of foreign corporations have no application: Mearshon & Co. v. Lumber Co., 187 Pa. 12; Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466; Blakeslee Mfg. Co. v.

Hilton, 5 Pa. Superior Ct. 184; Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278; Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156.

An agreement on which action was brought is a binding compromise agreement: Hosler v. Hursh, 151 Pa. 415.

The intention of the parties was to substitute the new agreement in satisfaction of the old: Zentmyer v. Zentmyer, 69 Pa. Superior Ct. 496; Flegel v. Hoover, 156 Pa. 276.

OPINION BY MR. JUSTICE SADLER, February 6, 1922:

Defendant purchased certain galvanizing equipment from plaintiff, with directions that the various parts be assembled and forwarded to a customer of the former in Bombay, India. The foreign consignee named was unable to establish proper financial credits, whereupon the vendor was requested to cancel the order. This it declined to do on the ground that its work had been practically completed. Three weeks later it communicated with the vendee, through counsel, stating that damages would be sustained by reason of the failure to accept the goods, and asserting that as a result it would be able to recover in legal proceedings to the amount of $3,500. However, an offer was made to settle for $2,000, with the understanding that a credit for this sum would be given, in case of a re-instatement of the order within one year. This suggestion was accepted within the time fixed, and defendant agreed to the compromise. Later, it altered its expressed purpose, and declined to carry out the new promise, made in accordance with the terms of the proposition submitted, and an action was instituted to recover the stipulated sum. The right of the plaintiff to any verdict was denied on several grounds, which will be considered in detail hereafter. Judgment was subsequently entered because of the insufficiency of the affidavit of defense, and this appeal resulted.

Admittedly, the plaintiff is entitled to damages arising from the breach of the contract to purchase, but it is insisted that the agreement to pay $2,000 in settlement of the unliquidated claim constituted merely an accord, which was revocable until actual compliance with its terms. The correctness of this position depends upon the construction of the correspondence, which indicates the understanding. There is no conflict in the facts, and the determination of the intention of the parties, resting solely on the interpretation to be placed on their letters, was properly treated as a question of law: Moers v. Moers, 229 N. Y. 294, 128 N. E. 202. It is undoubtedly true that an agreement to accept a smaller sum in satisfaction of a claim for a larger is an accord, revocable until satisfied by actual and complete performance. There is a distinction to be drawn, however, between an agreement to accept a promise in satisfaction, and an understanding requiring performance of the promise: Hosler v. Hursh, 151 Pa. 415. When the intention is to substitute the former, the contract made is binding (Laughead v. Frick Coke Co., 209 Pa. 368; Hartzog's Est., 270 Pa. 172; 1 C. J. 530, 567), provided, of course, a consideration appears (Dillon's Est., 269 Pa. 234), a requirement sufficiently met when, as here, there is an adjustment of unliquidated demands: Scranton Gas & Water Co. v. Weston, 57 Pa. Superior Ct. 355; 1 C. J. 551. The present Chief Justice, in Shoemaker v. Fegley, 14 Pa. Dist. R. 850, 856, after commenting upon the pertinent authorities, thus concisely states the rule: "The performance generally is the carrying out of the agreement of accord; but it may be expressly agreed, or the circumstances may clearly show, that the promise or agreement of accord itself is to be taken in satisfaction of the original demand, and, when that is the case, the promise or undertaking, if supported by a sufficient consideration, is to be accepted as equivalent to performance or execution." Schwartzfager v. Railway, 238 Pa. 158, and Foye v. Coal & Coke Co., 251

Pa. 409, cases relied upon by appellant, are not in conflict with the view as thus expressed.

An examination of the offer made by the letter of October 29th, and the acceptance of November 5th, leads to the conclusion that the new promise was a substitute for the original claim, based on ample consideration. No demand was made for the payment by any definite date, the only condition was an assent to the proposition by November 6th. A reasonable time for carrying out the new undertaking was evidently contemplated, but an intention to accept the new promise as a termination of the claim for a larger undetermined sum is also apparent. A valid compromise agreement took the place of the former recoverable demand, and was properly enforceable by action in assumpsit, as held by the learned court below.

The claim is made, however, that the settlement is not binding because induced by fraud. This position rests on an alleged misrepresentation found in the telegram of October 8, 1920, in which the plaintiff said: "Cannot accept suggested cancellation your order ten eight five calling for special galvanizing equipment all of which is practically completed." The defendant insists that the material had not been manufactured, and that the agreement to pay the $2,000 would not have been made, had this been known. It may be observed that the affidavit, though denying that the work was "practically completed," is evasive in failing to aver facts showing the extent of the misrepresentation, if any: Cf. Wakely v. Sun Insurance Office, 246 Pa. 268. The original order required the purchase of much of the machinery from third parties, which was subsequently to be assembled by plaintiff. The fact that it was not preparing the greater portion was well known to defendant. Further, the telegram was in answer to the notice of cancellation and stated the reason for not agreeing to this action. The agreement to pay $2,000 was the result of statements made in the letter of October 29th, in which counsel

claimed damages could be recovered at law to the amount of $3,500, a mere expression of opinion. This was the representation, which apparently led to the compromise. The allegations made in the affidavit to show fraud were properly held to be insufficient.

It is objected, further, that the statement filed was inadequate to justify the entry of judgment. The allegation is made therein that the plaintiff is a corporation organized under the laws of Illinois. This is said to be ineffective, without an averment of compliance with the acts of assembly regulating foreign corporations in Pennsylvania. Upon the face of the pleadings it appears that the original order was sent from Philadelphia and accepted in Chicago. The goods were to be delivered at various points outside the State for shipment to India. Subsequently, the offer of compromise was sent to the defendant at its place of business, and accepted from its home office, so that the agreement sued upon may be treated as a Pennsylvania contract. But these facts are far from disclosing that the plaintiff was "doing business" here, so as to be subject to the provisions as to registration and filing of powers of attorney, as directed by the Act of June 8, 1911, P. L. 710, amended as to section 4 by the Act of April 22, 1915, P. L. 170. The transaction was interstate business, which makes applicable the principle of Mearshon & Co. v. Lumber Co., 187 Pa. 12, and many subsequent cases which might be referred to. It is urged, however, that this fact must be affirmatively set forth in the declaration, if judgment is to be asked summarily. Such a finding would be justified, if the pleading as a whole showed the plaintiff to come within the purview of the legislation affecting the rights of a foreign corporation to here sue in assertion of its rights, as indicated in Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 527, but this is not so when the statement itself discloses the inapplicability of the statutes referred to.

A foreign corporation may ordinarily maintain an action to enforce its contracts within the State: Leasure v. Union Mut. Life Ins. Co., 91 Pa. 491. It is restricted only when "doing business" within the meaning of our acts requiring, in such case, the performance of certain duties before becoming so engaged. No presumption arises that the plaintiff is a wrongdoer, and has failed to perform its legal obligations: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184. On the contrary, it will be assumed that it did all the law demanded, and its statement of claim need not negative its violation of a penal statute: 14 a. C. J. 1358; 9 Fletcher on Corporations, sec. 5997; Blue Valley Créamery Co. v. Zimmerman, 60 Pa. Superior Ct 278; cf. Zion Church v. St. Peter's Church, 5 W. & S. 215. Similar determinations have been reached by the appellate courts of many other states, when a like objection has been raised: Prussian National Ins. Co. v. Eisenhardt, 153 Mich. 198, 168 N. W. 1097, and cases cited.

The statement is sufficient, and no proper averments are made in the affidavit of defense to indicate the necessity of registration. To merely aver that the corporation was "doing business" within the Commonwealth is not enough; facts must be set forth from which such conclusion can be drawn, to be effective: Campbell v. Hering, 139 Pa. 473; Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Arms Pocketbook, etc., Co. v. Posey, 40 Pa. Superior Ct. 361.

A careful review of all the matters suggested convinces us that the learned court below was correct, and the assignments of error are overruled.

The judgment is affirmed.