## J. B. Colt Company v. Shirk. No. 2.

*Practice, C. P.—Statement of claim—Corporation—Affidavit—Officer making affidavit—Foreign notary—Copy of contract attached to statement—Acts of Aug. 10, 1864, and May 14, 1915.*

1. In an action by a corporation, where the assistant treasurer makes the affidavit to the statement of claim and swears that the facts set forth therein are true, he need not aver information or belief.

2. Under the Act of Aug. 10, 1864, P. L. 962, a notary public of another state is not obliged to affix to the affidavit a certificate showing his authority to act as such.

3. Where a statement of claim contains an averment that a true and correct copy of the contract sued upon is attached thereto, the court will treat the exhibit as what it purports to be until it is proven otherwise.

The Act of May 14, 1915, P. L. 483, considered.

*Corporations — Foreign corporations—Registration—Doing business—Act of June 8, 1911.*

4. A foreign corporation is not doing business in Pennsylvania, within the meaning of the Registration Act of June 8, 1911, P. L. 710, which merely accepts orders from residents of Pennsylvania and delivers the goods f. o. b. at the place of its domicile.

5. An affidavit of defence in an action in which the plaintiff is a foreign corporation is insufficient which merely avers, without a statement of any facts, that the plaintiff is a foreign corporation doing business illegally in this State.

Statutory demurrer. C. P. Union Co., Sept. T., 1922, No. 9.

*Curtis C. Lesher*, for plaintiff; *Andrew A. Leiser*, for defendant.

POTTER, P. J., March 12, 1923.—An affidavit of defence was filed in this case raising questions of law as to the insufficiency of the plaintiff's statement, the first specification being as follows: "Because it is not properly verified."

At the argument of the case, it was stated by counsel that there was no averment that the person making the affidavit was acquainted with the facts, as required by the Practice Act of May 14, 1915, P. L. 483-484; nor is there a certificate that the notary before whom it was made was authorized to take affidavits, as required by the Act of Aug. 10, 1864, P. L. 962, as to foreign notaries.

The statement of claim in this case is sworn to by L. C. Repley, who is assistant treasurer of the plaintiff corporation, before Arthur B. Burr, a notary public in Bronx County, No. 104, in the State of New York.

Section 9 of the Practice Act of 1915, *inter alia*, provides that the statement "shall be sworn to by the plaintiff, or some person having knowledge of the facts."

There is no requirement that the person making the affidavit must state that he is acquainted with the facts. All that is required is that he shall have knowledge of the facts. The affiant swears that "the facts, matters and things set forth in the foregoing statement of claim are true and correct." There is no averment as to belief or information, but there is a positive averment of the truthfulness of the facts. He must have knowledge of these facts, or he could not thus swear to them.

In the case of Philadelphia & Reading Coal and Iron Co. *v.* Stambaugh, 26 Dist. R. 275, Judge Sadler says: "But it is further insisted that even if the affiant is secretary of the plaintiff company, yet there is a failure to set forth that he has sufficient knowledge of the facts to authorize him to make the affidavit. Section 9 of the Practice Act of 1915 provides that 'it (the statement) shall be sworn to by the plaintiff or some person having knowledge of the facts.' This objection loses sight of the proposition that the affidavit of the officer is the affidavit of the corporation, and that the corporation in

666          DISTRICT AND COUNTY REPORTS.

J. B. Colt Company v. Shirk.  No. 2.

this case is the plaintiff. An affidavit made by the president, secretary or other proper officer or agent of the corporation, in an action where the corporation was a party, would be in legal contemplation the affidavit made by such party: 2 Thompson on Corporations, § 1433." And the affidavit was held to be sufficient.

In the case of Erie City v. Brady, 127 Pa. 169, the affidavit was made by the manager of the company, and in Kinney v. Harrison Manuf. Co., 22 Pa. Superior Ct. 601, it was made by the treasurer of the defendant company. We have it laid down as a familiar principle of law that an officer should make the affidavit on behalf of a defendant corporation: Billington v. Steel Co., 19 W. N. C. 339.

The affidavit is to be made by the plaintiff, or if not by the plaintiff, then by some one having knowledge of the facts. In this case it was made by the assistant treasurer, who is an officer of the corporation, and when it is made by him, it is made by the plaintiff, in which case he does not need to set out that he has knowledge of the facts contained in the statement. The officers of the corporation are presumed to have knowledge of its affairs, and, therefore, we think when this affidavit is made by the assistant treasurer, it is sufficient. If made by some other person, or by an agent or a manager, not intimately connected with the inside workings of the corporation, we naturally would expect the affiant to show his knowledge of the facts. In this respect we deem the affidavit to the statement sufficient.

Under the Act of Aug. 10, 1864, P. L. 962, we do not think a notary public from another state is obliged to affix to his affidavit or other legal document a certificate showing his authority to act as such. The act does not provide this to be a necessity, the 1st section of it being as follows: "That the 1st section of the act of assembly, entitled 'An act relating to the authentication of letters of attorney, protests of notaries public, and assignments made out of the State, and to the acknowledgment of deeds,' approved Dec. 14, 1854, P. L. (1855) 724, he and hereby is extended to, and shall embrace, any and all affidavits made before any officer authorized by the laws of any of the United States to administer oaths, and duly certified under the hand and seal of the clerk or prothonotary of the county where the same may be made, as to the official character of the person administering the oath, shall have the same force and effect in any court of Pennsylvania as if made before any officer in this State duly authorized by law to administer oaths:" Act of Aug. 10, 1864, P. L. 962.

In the absence of proof to the contrary, it will be presumed that a notary public of another state has power to take an affidavit: Champion v. Harthill, 1 W. N. C. 331; Lavelle v. Prudential Ins. Co., 2 Lacka. Jurist, 306; Smith Co. v. Shenk, 30 Lanc. Law Rev. 316; Stroheim & Romann v. Pack, 10 Dist. R. 668.

And the certificate of a notary public under his notarial seal is *prima facie* evidence that the person who uses it and signs the certificate is a duly commissioned notary: Browne v. Philadelphia Bank, 6 S. & R. 484; Stroheim & Romann v. Pack, 10 Dist. R. 668; Smith v. Shenk, 30 Lanc. Law Rev. 316.

In accordance with the law herein cited, the first assignment is not sustained.

The second specification is as follows: "Because it does not have attached to it a full, true and correct copy of the entire contract between the parties, wholly omitting the contract on part of plaintiff to install the lighting plant on defendant's premises."

That part of the 5th section of the Practice Act of 1915 pertaining to this specification provides that "Every pleading shall have attached to it *copies* of

all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim," &c.

A copy of the contract is to be filed, and the statement of claim makes reference "to a true copy thereof being attached hereto and marked 'Exhibit A,' which is made a part of the statement of claim." A true copy must necessarily mean the whole copy. If part of it is omitted, it is not a true copy. But what proof have we that part of the contract is omitted from the copy? The second specification alleges it, but we have no proof of any such omission. The burden of establishing the allegations of this specification rests on him who so alleges. The presumption is that "Exhibit A" is a true copy of the entire contract between these parties, and that presumption remains till it is proven otherwise. The copy of the contract may be a true and correct copy of the entire contract, whether typewritten or printed on one of the corporation's own forms. So that, with the sworn allegation that "Exhibit A" is a true copy of the entire contract, and no proof being presented to disprove it, we are disposed to treat this exhibit as what it purports to be, and the second specification is dismissed.

The third specification is as follows: "Because the alleged contract on which suit is brought does not show that it was accepted by an officer of the plaintiff company, party thereto."

The contract between these parties was accepted at New York City on July 1, 1918, by H. C. Myers. It is true that by his signature we do not know who this man is, whether he is a person authorized to accept this contract or not. However, by referring to the plaintiff's statement, in the third paragraph, we find the following: "which said contract was accepted by an officer of the plaintiff company on the 1st day of July, 1918," which is sworn to. Or, in other words, L. C. Repley swears that H. C. Myers is an officer of the plaintiff company. Then, again, in the body of the contract we find the following: "This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of the company."

Everything is presumed to be done right till it is proven otherwise. In this case we have every reason to believe that H. C. Myers is an officer of the company, and that he had a right to sign the acceptance of this order. It is sworn that he was. It is not sworn otherwise. Therefore, we cannot sustain this specification.

The fourth specification is as follows: "Because said statement avers plaintiff is a foreign corporation, to wit, a corporation organized and existing under the laws of the State of New Jersey, and does not aver or offer to show that it is or was, at the time said alleged contract was made, authorized to do business in Pennsylvania."

Foreign corporations were, and are, required to file in the office of the Secretary of the Commonwealth a statement showing their title and object, the location of their office or offices and the names of their agents, and, in default thereof, they were not recognized by the laws of this State as doing business in this Commonwealth. This was formerly by virtue of the Act of April 22, 1874, P. L. 108, which has been repealed by the Act of June 8, 1911, P. L. 710, under and by virtue of which registrations of foreign corporations have been made since its passage.

Under both of these acts, foreign corporations "doing business" in this State were, and are, required to be registered, and this specification leads us to consider what is meant by the words "doing business" or "doing any busi-

ness." We might add that these acts were passed in order to carry out the provisions of the 5th section of article XVI of the Constitution of Pennsylvania, which provides: "No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served."

Not necessarily all foreign corporations transacting business affairs within the boundaries of this State are "doing business" within the meaning of this section of the Constitution or the acts of assembly cited: Pavilion Co. *v.* Hamilton, 15 Pa. Superior Ct. 389.

The contract in this case was, in law, for the sale and delivery of the goods in question f. o. b. factory at Newark, New Jersey, and it cannot be doubted that when these goods were delivered on the cars in Newark, the title to them then and there vested in the defendant: Federal Glass Co. *v.* Lorentz, 49 Pa. Superior Ct. 585; Blakeslee Manuf. Co. *v.* Hilton, 5 Pa. Superior Ct. 184; Werner Saw Mill Co. *v.* Ferree, 201 Pa. 405; Rickey *v.* Tutelman, 19 Pa. Superior Ct. 403.

In the affidavit of defence it is averred that the statement avers plaintiff is a foreign corporation, organized under the laws of the State of New Jersey, and does not aver nor offer to show that it is or was, when the contract was made, authorized to do business in Pennsylvania, but there is not an averment in the affidavit of the doing of any actual business in the State of Pennsylvania. This affidavit of defence may infer the doing of business in Pennsylvania as a legal conclusion, but it gives no facts upon which we can look and determine that the plaintiff is violating the provisions of the act of assembly. All we can infer is that the plaintiff had an agent who took the order for the sale and delivery of goods at Newark, or that the order was sent by mail to the plaintiff, and neither of these methods of getting business is prohibited by the act of assembly nor by the decisions of our appellate courts.

We think this case is ruled especially by Blakeslee Manuf. Co. *v.* Hilton, 5 Pa. Superior Ct. 184, wherein it is said: "He who buys and keeps valuable property and seeks to pay therefor by alleging the violation of a statute on the part of the vendor, ought to set forth his defence with certainty. All that is here alleged is entirely consistent with the conduct of a foreign corporation engaged in strictly interstate commerce. It may advertise its goods, take orders, make contracts of sale respecting the same, and ship them to customers in this State. It may also employ agents living in Pennsylvania to go from county to county, from town to town, and from person to person, to secure orders. Or, the agent may never go outside of his own county, city or town, thus being in one sense a local agent, and yet doing business which is not and cannot be reached under the Act of 1874. In the present case the affidavit of defence should have stated the facts from which it could be clearly inferred that the particular contract with which we are concerned was in violation of the act. Innocence is to be presumed rather than guilt. The words 'doing any business,' as used in the act, should not be construed to mean taking orders or making sales by sample by agents coming into our State from another for that purpose. To hold otherwise would make the act offend against the Constitution of the United States, as imposing unlawful restrictions on interstate commerce." See, also, Campbell Printing Press and Manuf. Co. *v.* Hering, 139 Pa. 473; Galena Mining and Smelting Co. *v.* Frazier, 20 Pa. Superior Ct. 394.

In the case at bar we think the affidavit of defence is defective in not stating the nature of the business carried on in Pennsylvania. The allegation is the opinion, merely, of the defendant, and not a statement of facts from which

the court could determine whether the plaintiff was violating the statute in respect to registration. In a certain sense, every foreign corporation which, through its agents, is selling goods within the State is "doing business" therein. Many of them are largely engaged in business that way, but that is not "doing business" within the meaning of the statute. Only such corporations as have established offices or transferred a portion of their capital to this State, and have engaged in the prosecution of their ordinary business therein, are subject to the obligation to register. Hence the importance of setting forth the character of the business transacted: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Parnakian v. U. S. Hoffman Machinery Co., 28 Dist. R. 524; People's B. & L. Ass'n v. Berlin, 201 Pa. 1; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278; Sigua Iron Co. v. Vandervort, 164 Pa. 572.

An affidavit of defence in an action in which the plaintiff was a foreign corporation is insufficient which merely avers, without the statement of any facts, that the plaintiff was a foreign corporation doing business illegally in this State: Arms Pocketbook Co. v. Posey, 40 Pa. Superior Ct. 361; Galena Mining and Smelting Co. v. Frazier, 20 Pa. Superior Ct. 394.

And a foreign corporation may ordinarily maintain an action to enforce its contracts within the State. It is restricted only when "doing business" within the meaning of the Pennsylvania registration laws and it has failed to register: Meaker Galvanizing Co. v. McInnes & Co., Inc., 272 Pa. 561.

The case of Phœnix Silk Manuf. Co. v. Reilly, 187 Pa. 526, has been cited and seems to be relied upon by the defendant. That case principally decides that a foreign corporation must file with the Secretary of the Commonwealth a statement, as required by law, relative to each place of business in the State.

We are free to say, when a foreign corporation has an established place of business in the State, maintains an office, has its name on the office door, keeps a stock of goods on hand at its place of business, and sells from this stock of goods to purchasers, this corporation comes within the meaning of the Registration Act, and cannot maintain a suit in this State unless registered: Kernchen Co. v. English, 70 Pa. Superior Ct. 293.

We do not think the plaintiff company comes within the registration law; therefore, this specification is dismissed.

The fifth specification is as follows: "That said alleged contract bears date June 26, 1918, and imports immediate delivery, whereas, by the statement of claim, it is alleged shipment was not made until Sept. 11, 1918, and it does not appear by said statement that the 'generator, fixtures and supplies' alleged to have been shipped at said date were ever delivered to or accepted by said defendant."

According to the terms of the contract, the goods were delivered to the defendant when they were delivered into the hands of the common carrier at Newark. As to the time of the delivery and shipment, we think it is a question to be passed upon by a jury, whether or not, under all the evidence in the case, the shipment and delivery was made within a reasonable time or not. We know nothing about it. It is a question to be proven at the trial. Therefore, this specification is not sustained.

The sixth specification is as follows: "That said statement is in other respects uncertain, informal and insufficient in law."

This specification is so indefinite that we regard further discussion of it unnecessary.

We feel that we cannot add anything further in the disposition of the matters here at issue.

And now, to wit, March 12, 1923, the questions of law raised in the affidavit of defence are dismissed, and the defendant is ordered to file an affidavit of defence on the averments of fact as contained in the statement within fifteen days from this date.          From Charles P. Ulrich, Selins Grove, Pa.